

FILED
JUN 1 0 2016

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| BH SERVICES INC.,<br>For itself as Sponsor and Fiduciary and for the BH SERVICES, INC., HEALTH AND WELFARE PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>FCE BENEFIT ADMINISTRATORS INC., and TRUST MANAGEMENT SERVICES,<br><br>Defendants. | * * * * * * * * * * * * * * * * | Case No. 16-5045<br><br>PLAINTIFF'S ORIGINAL COMPLAINT |

COMES NOW Plaintiffs, BH SERVICES, INC. ("BH Services") and BH SERVICES, INC., HEALTH AND WELFARE PLAN ("PLAN") (together "PLAINTIFFS"), complaining of FCE BENEFIT ADMINISTRATORS, INC. ("FCE") and TRUST MANAGEMENT SERVICES ("TMS"), and for cause of action would show the Court as follows:

## I.
## NATURE OF CLAIMS

1.01 This lawsuit concerns federal (ERISA) and state law claims for breach of contract, fraud, conversion of PLAN assets and breach of fiduciary duty by FCE and TMS in connection with the wrongful design and administration of the PLAN and handling of trust assets for the PLAN. This lawsuit contains claims for an affirmative injunction against dissipation of PLAN assets and for an accounting of PLAN Assets under ERISA § 502(a)(3).

1.02    As early as 1995, FCE provided plan documents to BH Services and administered and serviced the PLAN under a contract with BH SERVICES, as PLAN Sponsor. FCE was, by contract, entirely responsible for the compliance aspects of the PLAN. In or around 2013 FCE retained a proclaimed independent trustee, TMS, to serve as the trustee of the BH SERVICES PLAN.

1.03    In 2015 BH SERVICES changed administrators and trustee of the PLAN and directed Defendants to transfer its PLAN assets to a new plan trust account that would be administered by Fringe Benefits Group. Defendants have refused to transfer all of the PLAN assets, money and benefits to the new plan. Defendants have failed to account for all of the PLAN assets. As a result there are approximately $1 million in PLAN assets that have not been transferred that have either been stolen or remain in the possession of Defendants.

## II.
## PARTIES

2.01    Plaintiff, BH SERVICES, INC., is a South Dakota not for profit corporation based in Rapid City, South Dakota with its principal place of business located at 3650 Range Road, Rapid City, SD 57702. BH SERVICES, INC., is the Sponsor, Administrator and Named Fiduciary of the PLAN.

2.02    Plaintiff, BH SERVICES, INC., HEALTH AND WELFARE PLAN, is an employee welfare benefit plan as defined by ERISA § 3(1), that included, during the time of the events complained of in this Complaint, a self-funded group health plan, and now includes a health reimbursement account. The PLAN is funded via the general assets of BH SERVICES, which are placed in a trust account as needed to fund PLAN claims and expenses. The PLAN has capacity to sue Defendants under ERISA § 502(d)(1).

2.03    Defendant, FCE BENEFIT ADMINISTRATORS, INC., is a for-profit

corporation and is a citizen of California, with its principal office located at 887 Mitten Road, Burlingame, CA 94010. Defendant, FCE is the third-party administrator for the PLAN, the plan document provider, and a limited scope fiduciary of the PLAN. FCE is a co-fiduciary with TMS. Defendant, FCE BENEFIT ADMINISTRATORS, INC., may be served by serving its registered agent for service of process in California, Steve Porter, as follows:

> FCE BENEFIT ADMINISTRATORS, INC.
> c/o Steve Porter
> Registered Agent for Service of Process
> 887 Mitten Road
> Burlingame, CA 94010

2.04   Defendant, TRUST MANAGEMENT SERVICES, is a for-profit corporation, is a citizen of California, and has its principal office located at 831 Mitten Road, Burlingame, CA 94010. Defendant TMS is a fiduciary of the PLAN and a co-fiduciary of FCE. Defendant, TRUST MANAGEMENT SERVICES, may be served by serving its President, Derrick Quan, as follows:

> TRUST MANAGEMENT SERVICES
> c/o Derrick Quan, President
> 831 Mitten Road, Suite 215
> Burlingame, CA 94010

## III.
## VENUE AND JURISDICTION

3.01   Venue of this action is proper under ERISA § 502(e)(2), in the Western Division (Rapid City) of the United States District Court for the District of South Dakota because the PLAN is administered in the Western Division, and all or a substantial part of the events or omissions that give rise to this claim occurred in the Western Division.

3.02   This Court has personal jurisdictional over FCE and TMS because they do business in Rapid City, South Dakota and this suit arises out of that business done in Rapid City,

South Dakota.

3.03   This Court has exclusive subject matter jurisdiction over the ERISA claims presented by Plaintiffs under ERISA § 502(e)(1).

## IV.
## CONDITIONS PRECEDENT

4.01   All conditions precedent to recovery by the PLAINTIFFS herein has been performed, have occurred, or have been excused.

## V.
## FACTS OF CASE

5.01   The PLAN is a health and welfare plan for the benefit of its employees. As early as 1995, BH SERVICES, in its capacity as PLAN Sponsor and PLAN Administrator retained FCE to provide a plan document, compliance services and third-party administrative services for the PLAN. In or around 2013 FCE hired TMS to serve as the trustee of the assets in the PLAN. In 2014, after receiving conflicting information from FCE concerning the impact of the Affordable Care Act on the PLAN, BH SERVICES started looking for other available plan providers and administrators. In 2015 BH SERVICES chose to transfer plan document, compliance and administration and servicing of the Plan to Fringe Benefits Group. On October 28, 2015, BH SERVICES provided written notification to Defendants of its intent to terminate their services in sixty days. On December 15, 2015, BH SERVICES provided written notice to Defendants directing them to transfer all of the assets in the PLAN to the new plan administered by Fringe Benefits Group effective December 31, 2015.

5.02   Since December 2015, BH SERVICES has made multiple requests in writing, via telephone and in person to obtain the transfer of the PLAN assets from FCE and TMS, however, without reasonable excuse, Defendants continue to refuse to transfer the assets of the PLAN to

Fringe Benefits Group. As of the last accounting of Plan assets provided by FCE and TMS, there was at least $734,953.23 of its Plan assets which FCE and TMS have not transferred. Most of these assets are liquid assets such as bank accounts or a life insurance policy, the transfer of which could occur in less than 24 hours. FCE and TMS have given no legitimate reason for their failure to transfer almost $1,000,000 of plan assets. To date, FCE and TMS have been unable to provide a reconcilable accounting of PLAN assets.

5.03   In addition, BH SERVICES has recently learned that FCE and TMS made misrepresentations to them and concealed relevant information from them in effort to cover up the fact that they have either lost or stolen the money belonging to the PLAN. In particular, prior to TMS becoming the trustee of the Plan, FCE had appointed Marilyn Ward as the trustee. FCE represented that Marilyn Ward was supposedly independent of FCE, but in reality she was not independent. In addition, FCE represented to BH SERVICES that Marilyn Ward simply retired from business and that this was the reason for the need to appoint a new trustee. In reality though, Marilyn Ward was under investigation for embezzling significant assets under her control as trustee. None of this information was revealed to BH SERVICES at the time of transfer of trust services to TMS. In addition, TMS was not a truly independent trustee as it had some undisclosed relationship with FCE. As a result, the either theft or loss of the assets of the BH SERVICES plan were not discovered until FCE and TMS were unable or unwilling to transfer the assets of the plan to the new administrator in early 2016.

5.04   Recently BH SERVICES discovered that the individual who was purportedly the "independent auditor" of the PLAN is actually an agent of FCE. Thus, the PLAN's financial reports and prior year's accountings of the PLAN's assets, are not "independent" as represented by FCE and the auditor and also entirely suspect.

## VI.
## FIRST CAUSE OF ACTION: REQUEST FOR INJUNCTION

6.01    The allegations set forth in Sections 1.01 through 5.04 of this Complaint are hereby reasserted and fully incorporated by reference.

6.02    The PLAN is the owner of the assets held in the PLAN trust for the sole and exclusive benefit of the PLAN Participants. FCE and TMS are not permitted to dissipate PLAN assets in violation of their fiduciary duties. FCE and TMS have not been able to account to BH SERVICES for the PLAN assets.

6.03    BH SERVICES, as Fiduciary and PLAN Administrator and the PLAN request an injunction prohibiting FCE and TMS from taking any action that will dissipate PLAN assets until an accounting of the PLAN assets may be presented to this Court and approved by this Court.

6.04.   BH SERVICES and the PLAN's request for injunction is permitted under ERISA § 502(a)(3).

## VII.
## SECOND CAUSE OF ACTION: REQUEST FOR AN ACCOUNTING OF PLAN ASSETS

7.01    The allegations set forth in Sections 1.01 through 6.04 of this Complaint are hereby reasserted and fully incorporated by reference.

7.02.   FCE and TMS have a contractual and fiduciary duty to maintain appropriate financial records for the PLAN and to account for all PLAN assets.

7.03    In accordance with ERISA § 502(a)(3), BH SERVICES and the PLAN request that this Court order FCE and TMS account for all PLAN ASSETS from January 1, 2013 to the present and to provide this accounting to BH SERVICES and this Court.

## VIII.
## THIRD CAUSE OF ACTION: RECOVERY OF PLAN ASSETS
## WRONGFULLY DISSIPATED

8.01   The allegations set forth in Sections 1.01 through 7.03 of this Complaint are hereby reasserted and fully incorporated by reference.

8.02   In the event that an accounting demonstrates that PLAN assets have been dissipated in violation of ERISA or in breach of FCE's and TMS' fiduciary duties, BH SERVICES and the PLAN request the Court order FCE and TMS to restore all such dissipated PLAN ASSETS.

8.03   An order to return PLAN assets to the PLAN is authorized under ERISA § 502(a)(3)(B)(i).

## IX
## FOURTH CAUSE OF ACTION: DAMAGES FOR
## BREACH OF FIDUCIARY DUTY

9.01   The allegations set forth in Sections 1.01 through 8.03 of this Complaint are hereby reasserted and fully incorporated by reference.

9.02   FCE and TMS breached fiduciary duties arising out of their roles as PLAN provider, third-party administrator and trustee.

9.03   As a result of numerous breaches of fiduciary duty the PLAN and BH SERVICES have suffered monetary damages.

9.04   Under ERISA §§ 405 and 409, and 502(a)(2), the PLAN and BH SERVICES are entitled to be made whole for their monetary damages by FCE and TMS, and are also entitled to other appropriate relief.

## X
## FIFTH CAUSE OF ACTION: ATTORNEY's FEES and COSTS

10.01   The allegations set forth in Sections 1.01 through 9.04 of this Complaint are hereby reasserted and fully incorporated by reference.

10.02   Under ERISA § 502(g), BH SERVICES and the PLAN are entitled to an award of their attorney's fees and costs associated with their ERISA claims.

## XI
## SIXTH CAUSE OF ACTION: BH SERVICE'S COMMON LAW FRAUD UNDER STATE LAW AS TO FCE

11.01   BH SERVICES repeats and re-alleges the material allegations in the preceding paragraphs 1.01 through 10.02.

11.02   FCE made fraudulent misrepresentations and fraudulently omitted revealing material information all in an effort to induce BH SERVICES, in its capacity as PLAN Sponsor, to continue to contract with BH SERVICES for (i) the provision of plan documents, compliance services and to use them as the plan administrator (ii) to use TMS as trustee (an FCE related entity), to pay them significant fees and to cover up the theft or loss of plan assets and (iii) to allow FCE's agent to act as "independent auditor" of the PLAN.   These fraudulent representations and omissions include, but are not limited to, representations and omissions described in paragraphs 5.03 and 5.04.

11.03   These representation and omissions were material.   When FCE made such representations and omissions to BH SERVICES  as described above, they either knew the representations were false or made them recklessly, as a positive assertion, without knowledge of their truth and with a duty to tell BH SERVICES the truth.  FCE also made such representation knowing or believing they were materially misleading because it left out unfavorable information.

11.04   These representations and omissions were made with the intent to deceive BH SERVICES and with the intent that the BH SERVICES would rely on them in acting as Sponsor of the PLAN.  These misrepresentations and omissions were reasonably relied upon by the BH SERVICES in their business dealings with FCE and caused BH SERVICES damages for which it sues.

11.05   The BH SERVICES further sues FCE for punitive damages as a result of its fraudulent conduct.

## XII.
## SEVENTH CAUSE OF ACTION:  BREACH OF CONTRACT AS TO FCE

12.01   The allegations set forth in Sections 1 through 11.05 of this Complaint are hereby reasserted and fully incorporated by reference.

12.02   In its capacity as Sponsor of the PLAN, BH SERVICES entered into an agreement with FCE to manage, administer, protect, safeguard and increase the value of the trust assets contained in the Plan.  A true and correct copy of the agreement is attached hereto and incorporated here by reference for all purposes.

12.03   FCE has failed to properly administer, manage, safeguard and protect the Plan assets.  FCE has failed to transfer the Plan assets to BH SERVICES' new third-party administrator.  As a result, FEC has breached the contract and has damaged BH SERVICES for which BH SERVICES sues.

## XIII.
## EIGHTH CAUSE OF ACTION UNJUST ENRICHMENT AGAINST ALL DEFENDANTS

13.01   The allegations of Paragraphs 1.01 through 12.03 are repeated and incorporated in this Cause of action as though fully incorporated herein.

13.02   Defendants obtained funds from the BH SERVICES by conversion, fraud and the

taking of undue advantage of the BH SERVICES in the manners set forth above. Said actions of the Defendants give rise to a cause of action on behalf of the Plaintiff under the equitable remedy of unjust enrichment, which cause of action is hereby stated.

## XIV.
## DISCOVERY RULE

14.01 Plaintiffs re-allege and incorporate all of the allegations in paragraphs 1 through 13.02 above.

14.02 Plaintiffs hereby affirmatively plead the discovery rule and would show that Plaintiff's claims are not barred by limitations and accrued only when Plaintiffs discovered or, in the exercise of reasonable diligence, should have discovered the facts giving rise to their causes of action. This suit is brought within one year of when Plaintiffs knew or should have known of the existence of the causes of action described above.

## XV.
## DAMAGES

15.01 BH SERVICES and the PLAN sue for the value of the Plan assets which Defendants have refused to transfer. BH SERVICES sues for return of all fees paid to Defendants in it capacity as PLAN Sponsor since 2013. BH SERVICES have also incurred thousands of dollars in professional fees, including attorneys' fees, caused by the Defendants' actions herein and BH SERVICES sues for recovery of all such professional fees. These damages are still accruing.

## XVI.
## RELIEF REQUESTED

WHEREFORE, BH SERVICES and the PLAN requests that:

1.     FCE, TMS, be cited to appear and answer;

2.     BH SERVICES to recover their actual damages from all Defendants on its state

    law claims;

3.  All PLAN ASSETS wrongfully dissipated be returned to the PLAN by FCE and TMS;

4.  BH SERVICES and the PLAN recover all attorney's fees and costs under ERISA § 502(g) on all ERISA claims;

5.  BH SERVICES recover punitive damages from all Defendants on its state law claims;

6.  The Court appoint an independent auditor at the expense of Defendants to audit the books and records of Defendants related to the Plan and provide a detailed accounting of Plan assets to BH SERVICES, the PLAN and this Court;

7.  The Court issue an injunction freezing PLAN assets and prohibiting FCE or TMS from paying out any PLAN Assets to FCE, TMS or any other party until an accounting is performed and the Court approves such accounting;

8.  BH SERVICES its attorney's fees on its claims under state law;

9.  BH SERVICES recover costs of suit on its claims under state law;

10.  BH SERVICES and the PLAN (as applicable) recover prejudgment and post judgment interest at the highest rate allowed by law; and

11.  BH SERVICES and the PLAN be awarded other and further relief, in law or in equity, special or general, to which BH SERVICES and the PLAN may be justly entitled.

BH SERVICES and the PLAN also demand a jury trial.

Respectfully submitted,

BANGS, MCCULLEN, BUTLER, FOYE
& SIMMONS, L.L.P.

By: _____
Jeffrey G. Hurd
(jhurd@bangsmccullen.com)
333 West Boulevard, Ste. 400
P.O. Box 2670
Rapid City, SD 57709
Telephone: (605) 343-1040
Facsimile: (605) 343-1503

ANTHONY L. VITULLO
FEE, SMITH, SHARP & VITULLO, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Tel: (972) 934-9100
Fax: (972) 934-9200
lvitullo@feesmith.com
pro hac vice pending

and

JOHN L. MALESOVAS
MALESOVAS LAW FIRM
1801 S. Mopac Expressway, Suite 320
Austin Texas 78746
Tel: (512) 708-1777
Fax:(512) 708-1799
john@malesovas.com
pro hac vice pending