## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH DAKOTA
### WESTERN DIVISION

| | | |
|---|---|---|
| BH SERVICES INC., | ) | |
| For itself as Sponsor and Fiduciary | ) | |
| and for the BH SERVICES, INC. | ) | |
| HEALTH AND WELFARE PLAN, | ) | CIV. 16-5045-JLV |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF DEFENDANT FCE** |
| FCE BENEFIT ADMINISTRATORS | ) | **BENEFIT ADMINISTRATORS,** |
| INC., TRUST MANAGEMENT | ) | **INC.'S MOTION TO DISMISS AND** |
| SERVICES, ACEC MW AND | ) | **MOTION TO STRIKE PORTIONS** |
| TRANSAMERICA LIFE INSURANCE | ) | **OF PLAINTIFFS' FIRST** |
| COMPANY | ) | **AMENDED COMPLAINT** |
| | ) | |
| Defendants, | ) | |

## I.    INTRODUCTION

This Action concerns allegations relating to Plaintiff BH Services, Inc.'s

termination of the services of FCE Benefit Administrators, Inc. ("FCE"), a third party

administrator ("TPA"),  and Trust Management Services ("TMS"), a trustee, as service

providers for the BH Services, Inc. Health & Welfare Plan (the "Plan") on January 1,

2016.[1]  Plaintiffs allege that, following that termination, FCE, TMS, and ACEC MW

("ACEC"), alleged to be a multiple employer welfare benefit plan controlled by FCE,

failed to transfer Plan assets to the newly designated Plan trustee.  Plaintiffs allege that

FCE, TMS, and ACEC breached fiduciary duties in violation of the Employee Retirement

---

[1] BH Services also purports to bring this action on behalf of the Plan.

Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §§1001, et seq., and also seek relief against each of them, as well as insurer Transamerica Life Insurance Company ("Transamerica"), pursuant to overlapping state law claims for fraud and conversion. These allegations lack any merit and, as demonstrated below as to the fraud and conversion claims, fail to state a viable legal claim.

FCE files this Motion to Dismiss and Motion to Strike because Plaintiffs have still not cured several defects in the original Complaint despite their amendments.  While Plaintiffs have now alleged (untrue) facts in support their breach of fiduciary claims against FCE, the Sixth and Seventh Causes of Action to the First Amended Complaint — alleging fraud and unjust enrichment — are still subject to dismissal since: (1) they are each preempted by ERISA; (2) as before, the Sixth Cause of Action for common law fraud fails to meet the heightened pleading requirements imposed by Rule 9(b); and (3) the Plan documents contain a California choice of law provision, and there is no independent cause of action for unjust enrichment — the Seventh Cause of Action — under California law.

This Court should also strike the newly added reference — found in paragraph 5.13 of the First Amended Complaint — to *Thomas E. Perez v. Chimes District of Columbia*, Civil Action No. RDB-12-3315 (the "*Chimes* Litigation").  The *Chimes* Litigation is an unrelated civil action brought by the U.S. Department of Labor against FCE and ten other defendants.  It is unrelated and irrelevant to this Action.  The only purpose of referencing the *Chimes* Litigation in the First Amended Complaint appears to be to smear FCE as an alleged bad actor based on the existence of separate heavily

contested litigation.  This Court should therefore strike it as immaterial, impertinent, and prejudicial.

## II.   HISTORY OF THE PLEADINGS AND SUMMARY OF THE FIRST AMENDED COMPLAINT

Plaintiffs filed their original Complaint [Document 1] on June 10, 2016.  It alleged eight enumerated causes of action against two named defendants — FCE and TMS — only: (1) the First, against all Defendants, requesting an injunction pursuant to Section 502(a)(3) (29 U.S.C. § 1132(a)(3)); (2) the Second, against all Defendants, requesting an accounting of Plan assets pursuant to Section 502(a)(3); (3) the Third, against all Defendants, seeking a recovery of allegedly dissipated Plan assets under Section 502(a)(3); (4) the Fourth, against all Defendants, seeking damages for alleged breaches of fiduciary duty pursuant to Sections 405 (29 U.S.C. § 1105), 409 (29 U.S.C. § 1109), and 502(a)(2) (29 U.S.C. § 1132(a)(2)); (5) the Fifth, against all defendants, for attorneys' fees and costs pursuant to Section 502(g) (29 U.S.C. § 1132(g); (6) the Sixth, against FCE only, for common law fraud under unspecified state law; (7) the Seventh, against FCE only, for breach of contract (under state law); and (8) the Eighth, for unjust enrichment (under state law).  FCE, the only defendant which has appeared in this action, responded on October 11, 2016, by filing a Motion to Dismiss [Documents 20-22].[2]

Facing FCE's Motion to Dismiss, Plaintiffs filed their currently-operative First Amended Complaint ["FAC"] [Document 28] on October 28, 2016.  The First Amended

---

[2] FCE's Motion to Dismiss was originally filed in error on October 7, 2016 (Documents 17-18). FCE subsequently re-filed the corrected Motion and supporting documents (Documents 20-22) on October 11, 2016 after receiving notice of the error on that date.

Complaint adds two new Defendants ACEC and Transamerica, dismisses the previous claim for breach of contract, adds various factual allegations, and alleges seven remaining causes of action.  These are: (1) the First, against FCE, ACEC and TMS, requesting an injunction pursuant to Section 502(a)(3)  (29 U.S.C. § 1132(a)(3)); (2) the Second, against FCE and TMS, requesting an accounting of Plan assets pursuant to Section 502(a)(3); (3) the Third, against FCE, ACEC and TMS, seeking a recovery of allegedly dissipated Plan assets under Section 502(a)(3); (4) the Fourth, against FCE, ACEC and TMS, seeking damages for alleged breaches of fiduciary duty and breach of fiduciary duty by co-fiduciaries pursuant to Sections 405 (29 U.S.C. § 1105), 409 (29 U.S.C. § 1109), and 502(a)(2) (29 U.S.C. § 1132(a)(2)); (5) the Fifth, against FCE, ACEC and TMS, for attorneys' fees and costs pursuant to Section 502(g) (29 U.S.C. § 1132(g); (6) the Sixth, against FCE and Transamerica, for common law fraud under unspecified state law;  and (7) the Seventh, against all Defendants, for unjust enrichment (under state law).

## III.   STATEMENT OF KEY ALLEGED FACTS[3]

### A.  The Parties and Their Relationship

FCE is a third party administrator that provides administration support services to ERISA health and welfare plans.  FAC [Document 28], ¶ 2.03.  BH Services established such a plan for the benefit of its employees.  *See id.*, ¶¶ 2.01-2.02.  FCE provided third party administrator services to the Plan from 1995 through the end of 2015, when BH

---

[3] The facts alleged are those appearing in the Complaint, documents referenced in the Complaint, or those for which the Court may take judicial notice.  Solely for the purposes of this motion, FCE assumes the sufficiently pleaded facts (but not the legal allegations and conclusions) alleged in the Complaint to be true, except to the extent that they are contradicted by documents incorporated by reference into the Complaint or facts of which this Court may properly take judicial notice.

4

Services terminated the agreement and replaced FCE with another third party

administrator, Fringe Benefit Group. *See id.*, ¶ 5.01. TMS served as a Plan trustee from

2013 through the end of 2015 when BH Services terminated the relationship. *Id.*, ¶ 5.01.

ACEC is a multiple employer welfare benefit plan alleged to be controlled by FCE, and

to have had control over certain Plan assets. *See id,* ¶1.03. Transamerica allegedly

issued master group variable universal life insurance policies in which Plaintiffs had cash

accounts. *See id.,* ¶ 1.03. As discussed below, BH Services is and was a Plan fiduciary.

*See id.*, ¶ 2.01.

### B.  The Alleged Misconduct

The heart of Plaintiffs' Complaint is the allegation that, after terminating the

service agreements with FCE and TMS, BH Services directed each to transfer Plan assets

to the new trustee, but that: "Defendants have refused to transfer all of the PLAN assets,

money and benefits to the new plan." FAC [Document 28], ¶¶ 1.06, 5.02.

### C.  <u>Significant Terms of Plan Documents Incorporated Into the Complaint</u>

ERISA requires that the plan "shall be established and maintained pursuant to a

written instrument." 29 U.S.C. § 1102(a)(1). Fiduciaries must then administer the plan

"in accordance with the documents and instruments governing the plan insofar as such

documents and instruments are consistent with [ERISA]." ERISA § 404(a)(1)(D), 29

U.S.C. § 1104(a)(D).

On March 15, 2004, BH Services amended and restated the Plan through the

Amended and Restated Adoption Agreement ("the Adoption Agreement") (attached as

Exh. 1 to FCE's Request for Judicial Notice).[4]   The Plan designates BH Services as the

Plan Administrator and FCE as the third party administrator.  FAC [Document 28],

¶¶ 2.03, 5.01; *see also* Adoption Agreement [Exh. 1] at 1.  BH Services is therefore "a

Named fiduciary of the PLAN."  FAC [Document 28], ¶ 2.01.

Under the Third Party Administrator Agreement ("TPA Agreement"), California is

designated as the law governing all disputes not governed by ERISA.  [Exh. 1B, Article

VIII (f)].  Specifically, the TPA Agreement states that the "Agreement will be governed

by the internal laws of the State of California except to the extent preempted by ERISA,

COBRA or other applicable law…." *Id.*

## IV.   LEGAL STANDARD FOR GRANTING A MOTION TO DISMISS

### A.   The Court Can and Should Dismiss Causes of Action Which Fail to Allege Plausible Facts in Support of a Cognizable Legal Theory

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move for

dismissal based on a plaintiff's "failure to state a claim upon which relief can be

granted." FED. R. CIV. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) can be

based on either the lack of a cognizable legal theory or the absence of sufficient facts

alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240,

1242 (9th Cir. 2011) (citation omitted); *see also In re Aurora Dairy Corp. Organic Milk*

*Mktg. & Sales Practices Litig.,* 621 F.3d 781, 790 (8th Cir. 2010) ("Dismissal is proper

---

[4] As set forth in FCE's Motion to Dismiss Plaintiffs' Complaint [Document 20], the Plan consists of multiple documents.  For purposes of this Motion, FCE only refers to the Amended and Restated Adoption Agreement [Exh. 1], the Fee Schedule attached as Exhibit 1A [Exh. 1A] and the Third Party Administrator Agreement attached as Exhibit 1B [Exh. 1B].  The referenced Exhibits to this Motion are attached to Defendant FCE Benefit Administrators, Inc.'s Request for Judicial Notice in Support of Defendant's Motion to Dismiss and Strike filed in support of this motion.

when the complaint fails to state a claim upon which relief can be granted.").  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In assessing whether a plaintiff has met its burden to allege sufficient nonconclusory facts to survive a motion to dismiss, the mere recital of elements of a cause of action, supported only by conclusory statements, is insufficient.  *Iqbal*, 556 U.S. at 678.  The court begins "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."[5]  *Iqbal*, 556 U.S. at 679; *see also Amgen Inc. v. Harris*, 136 S.Ct. 758, 759-60 (2016) (courts cannot presume facts necessary for plausible allegations but rather must assess the facts as actually alleged in the complaint).  It then evaluates the remaining factual allegations to "determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

---

[5] Although the court must generally "accept as true all of the factual allegations contained in the complaint," and draw "all reasonable inferences ... in favor of the plaintiff," *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), in doing so, it need not accept  legal conclusion, unwarranted or unreasonable  inferences, or sheer speculation.  *See Iqbal*, 556 U.S. at 663; *Elam v. Neidorff*, 544 F.3d 921, 926 (8th Cir. 2008); *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004).

**B.     The Court Can and Should Consider the Plan Documents in Ruling on FCE's Motion to Dismiss**

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court is not confined to the four corners of the Complaint.  It is well established that a court may properly consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned[.]" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 fn. 3 (8th Cir. 2012) (citation omitted); *see also* FED. R. CIV. P. 10(c).  In an ERISA case, such as this, such documents include "the plan documents referred to in the complaint and relied on by the plaintiff." *In re Mut. Funds Inv. Litig.*, 403 F. Supp. 2d 434, 440 (D. Md. 2005).

**V.     THE SIXTH AND SEVENTH CAUSE OF ACTION ARE PREEMPTED BY ERISA**

ERISA preempts "all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  "The deliberately expansive ERISA preemption clause is conspicuous for its breadth, and under its 'broad, common sense meaning.' " *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138–39 (1990).  "Given ERISA's broad pre-emption provision, state law claims for improper plan administration are pre-empted." *Consol. Beef Inds., Inc. v. New York Life Ins. Co.*, 949 F.2d 960, 963–64 (8th Cir. 1991) (internal citation omitted).  A state law claim "relates to" an ERISA plan if it "has a connection with or reference to [an ERISA] plan." *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 739 (1985) (internal citation omitted).

Each of Plaintiffs' state law claims here is made in connection with and/or

8

reference to the Plan and the claims against FCE are directly related to its alleged

violation of obligations to the Plan pursuant to the Plan documents.  For example, the

Sixth Cause of Action for fraud alleges that:

> FCE made fraudulent misrepresentations and fraudulently omitted
> revealing material information all in an effort to induce BH SERVICES, **in
> its capacity as PLAN Sponsor**, to [continue to]⁶ contract with BH
> SERVICES for (i) the **provision of plan documents, compliance services
> and to use them as the plan administrator;** (ii) **to use [<u>Marilyn Ward as
> a trustee, to pay Ward significant fees that would be rebated back to
> FCE (iii) to use</u>] TMS as trustee** (an FCE related entity), and to pay
> [them][<u>TMS</u>] significant fees and to cover up the theft or loss of plan assets
> and (iv) to **allow [<u>the PLAN to hire</u>] FCE's agent [<u>Ineich & Company</u>]
> to act as 'independent auditor' of the PLAN**.

FAC [Document 28], ¶ 11.02 (emphasis added).  Additionally, the Seventh Cause of

Action is premised upon alleged conversion (a reference to the Third Cause of Action

pursuant to Section 502(a)(3)) and fraud, and therefore also directly relates to Plan

administration.  *Id*., ¶ 13.02.  Accordingly, each is entirely preempted by ERISA and this

Court should dismiss each in its entirety and with prejudice on that basis.

## VI.   THE COURT SHOULD ALSO DISMISS THE SIXTH CAUSE OF ACTION FOR FRAUD BECAUSE IT IS NOT PLEADED WITH SUFFICIENT PARTICULARITY TO STATE A CAUSE OF ACTION

Even if Plaintiff's state fraud claim was not preempted by ERISA — which it is —

it would still be subject to dismissal for failure to plead the alleged fraud with sufficient

particularity.  Federal Rule of Civil Procedure 9(b) requires a plaintiff alleging fraud to

---

⁶ Plaintiffs removed the stricken language, alleged in the Complaint, from the First Amended
Complaint in an effort to take the alleged fraudulent acts outside of the scope of the contract and Plan
administration and added the underlined language in brackets.  However, the remaining language clearly
indicates that Plaintiffs intend the alleged fraud to relate to Plan administration rather than simple
inducement to enter into a contract.

"state with particularity the circumstances constituting fraud[.]"  FED. R. CIV. P. 9(b).

"'To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'"  *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 888 (8th Cir. 2014) (citation omitted).  "Put another way, the complaint must identify the 'who, what, where, when and how' of the alleged fraud."  *Id.* (citation omitted).

Plaintiffs' allegations in support of the Sixth Cause of Action for fraud still fail to meet the Rule 9(b) pleading requirements, omitting key allegations such as all of the alleged fraudulent misrepresentations, the names of the individuals at FCE who allegedly made the fraudulent misrepresentations, the individuals at BH Services to whom these unnamed individuals made the alleged misrepresentations, and the dates on which and means by which FCE allegedly made the misrepresentations.  *See* FAC [Document 28], ¶¶ 11.02 and 5.02 through 5.14 [referenced in ¶ 11.02].

Accordingly, even if this Court should determine that the Sixth Cause of Action is not subject to ERISA preemption, the Court should still dismiss the Sixth Cause of Action on the basis that it fails to describe the alleged fraud with sufficient particularity.[7]

---

[7] Plaintiff also seeks to allege a state law fraud claim based upon certain alleged fraudulent omissions.  Such claims are also subject to heightened pleading standards under Rule 9(b).  *See Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) ("Under Rule 9(b)'s heightened pleading standard, 'allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity.'").  As with the allegations relating to alleged affirmative misrepresentations, Plaintiffs' allegations relating to alleged fraudulent concealment fail to specify the details of how and when FCE allegedly concealed information.

## VII.   THE SEVENTH CAUSE OF ACTION, FOR UNJUST ENRICHMENT ALSO FAILS TO STATE A COGNIZABLE CAUSE OF ACTION

Even if it were not otherwise subject to ERISA preemption, this Court should also dismiss the Seventh Cause of Action for unjust enrichment because it fails to state a cognizable claim under applicable California law.

The TPA Agreement contains a choice of law provision selecting the internal law of California except to the extent preempted by ERISA, COBRA, or other applicable federal law. TPA Agreement [Exh. 1B], Art. VIII, ¶ (f).  Although choice-of-law provisions relating to ERISA claims are governed by federal common law, "[w]hen deciding state-law claims under diversity or supplemental jurisdiction, federal courts apply the choice-of-law rules of the jurisdiction in which they sit."  *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 857 (D.C. Cir. 2006); *Garrett v. Cassity*, 2011 WL 3235633, at *6 (E.D. Mo. July 28, 2011) ("District courts exercising supplemental jurisdiction over state-law claims apply the choice-of-law rules of the forum state."); *Cole v. Wells Fargo Bank, N.A.*, 437 F. Supp. 2d 974, 981 N.5 (S.D. Iowa 2006) (although the Eighth Circuit has not directly addressed the issue "other circuits have uniformly decided that . . . a district court should apply the forum state's choice of law rules when deciding choice of law questions on supplemental state-law claims.") (collecting cases).[8]

---

[8] As with other ERISA issues, the Eighth Circuit has held that choice-of-law provisions relating to ERISA claims are governed by federal common law.  *See Robbins v. Iowa Road Builders Co.*, 828 F.2d 1348, 1352–53 (8th Cir. 1987).

South Dakota law, in turn, follows Section 187 of the Restatement (Second) Conflict of Laws, which provides that the law of the state chosen by the parties governs their contractual rights unless: (1) the clause is contrary to a fundamental public policy; or (2) the choice of law provision **itself** was obtained by improper means., such as misrepresentation, duress, undue influence, or mistake.  *Dunes Hospitality, L.L.C v. Country Kitchens Int'l, Inc.*, 623 N.W.2d 484, 488 (S.D. 2001).  No such exceptions apply here.  This Court should therefore apply California law, which does not recognize a stand-alone cause of action for unjust enrichment.  *McBride v. Boughton*, 123 Cal.App.4th 379, 387 (2004).  Accordingly, to the extent that this Court determines that the Seventh Cause of Action is not preempted by ERISA this Court should, in the alternative, dismiss it with prejudice for failure to state a cognizable claim under the applicable California law.

## VIII.   THE COURT SHOULD ALSO STRIKE PLAINTIFFS' REFERENCE TO THE UNRELATED *CHIMES* LITIGATION AS SCANDALOUS, IMPERTINENT, AND IMMATERIAL

Under Rule 12(f), a court may "order stricken from any pleading . . . any . . . immaterial, impertinent, or scandalous matter."  Although such motions are disfavored, "[j]udges enjoy liberal discretion to strike pleadings under Rule 12(f)."  *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *see also Sancom, Inc. v. Qwest Commun. Corp.,* 643 F. Supp. 2d 1117, 1132 (D.S.D. 2009) (striking requests for impermissible damages).

For purposes of adjudicating a motion to strike, " '[i]mmaterial' refers to a matter that has no bearing on the controversy before the court."  *Marseglia v. JP Morgan Chase*

*Bank*, 750 F. Supp. 2d 1171, 1175 (S.D. Cal. 2010) (citation omitted).  "'Impertinent'

matters include allegations that are not responsive or relevant to the issues involved in the

action."  *Id.*[9]  Scandalous matter, by contrast, is that which casts a cruelly derogatory light

on a party or other person.  *Righthaven LLC v. Democratic Underground, LLC*, 791 F.

Supp. 2d 968, 977 (D. Nev. 2011) (citation omitted); *see also* 5C Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2016) (" 'scandalous'

matter is that which improperly casts a derogatory light on someone, most typically on a

party to the action.").

      Here, Plaintiffs' reference to the *Chimes* Litigation bears no relation to this case.

Rather, Plaintiffs reference the case to highlight the fact that the Department of Labor has

allegedly made similar allegations:

> <u>Like here,</u> the United States Secretary of Labor has alleged that FCE
> Defendants (FCE and its owners Beckman and Porter) took control over the
> plan's assets and therefore was a "plan fiduciary" under ERISA. <u>Like here,</u>
> the lawsuit also alleges that FCE overcharged the plan at issue, fraudulently
> concealed compensation it received, failed to prudently manage the plan
> and its assets, and failed to properly administer the plan causing plan losses
> and improper profits to FCE, including but not limited to excessive fees.

See FAC [Document 28], ¶ 5.13 (emphasis in original).  This is an improper purpose,

however, since "[t]he government's assertions in its pleadings are not evidence."  *United*

*States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995)*; see also Brown v. Advocate S.*

*Suburban Hosp.*, 700 F.3d 1101, 1105 (7th Cir. 2012) ("[m]ere allegations in a complaint

---

[9] "One test that has been advanced for determining whether an allegation in a pleading is
immaterial or impertinent within the meaning of Rule 12(f) is whether proof concerning it could be
received at trial; if it could not, then the matter is immaterial and impertinent."  5C Charles A. Wright &
Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2016).

[ ] are not 'evidence' and do not establish a triable issue of fact."); *U.S. v. Cooper*, 384 F. Supp. 2d (W.D. Va. 2005) (in prosecution of defendant for alleged violation of Clean Water Act ("CWA"), court struck references to history of defendant's past dealing with environmental and health agencies as surplusage and irrelevant to making out a *prima facie* pleading of CWA violation).

Plaintiffs' citation to the *Chimes* Litigation does not evidence wrongdoing by FCE. It is offered only to smear FCE by implying that because FCE was sued by the government in a different case, it must be liable to Plaintiffs in this case. It is intended to impugn FCE's integrity and business practices by referencing other heavily contested unresolved litigation. This is practically the definition of immaterial, scandalous, and prejudicial, and this Court should therefore grant FCE's Motion to Strike Paragraph 5.13 from the First Amended Complaint.[10]

## IX.   **CONCLUSION**

For the reasons stated above, FCE Benefit Administrators, Inc. respectfully requests that the Court grant FCE's motion and dismiss the Sixth and Seventh Causes of Action with prejudice and strike paragraph 5.13 in its entirety.

---

[10] While ERISA litigation is not tried to a jury, these allegations are part of the public record and are clearly intended to damage FCE's reputation despite being completely irrelevant to the resolution of this action. Additionally, the allegations are incorporated by reference into all causes of action, including those alleged under state law.

Respectfully Submitted this 14th day of November, 2016.

Goosmann Law Firm, PLC

/s/ Heather C. Sazama
Jeana L. Goosmann (SD Bar ID 3359)
Heather C. Sazama (SD Bar ID 4075)
5010 S. Minnesota Avenue
Sioux Falls, SD  57108
605.371.2000 (phone)
605.275.2039 (fax)
GoosmannJ@Goosmannlaw.com
SazamaH@goosmannlaw.com

and

Robert D. Eassa (*Pro Hac Vice*)
Marc A. Koonin (*Pro Hac Vice*)
Sedgwick LLP
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
415.781.7900 (phone)
415.781-2635 (fax)
Robert.Eassa@sedgwicklaw.com
Marc.Koonin@sedgwicklaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on November 14, 2016, upon counsel of record for parties.

By:    /s/ Autumn Nelson
            Autumn Nelson