IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| BH SERVICES INC., § | | |
| For itself as Sponsor and Fiduciary § | | |
| and for the BH SERVICES, INC., § | | |
| HEALTH AND WELFARE PLAN, § | | |
| § | | |
| *Plaintiffs*, § | CIVIL ACTION NO. 16-5045-JLV | |
| § | | |
| v. § | PLAINTIFF'S BRIEF IN | |
| § | OPPOSITION TO DEFENDANT FCE | |
| FCE BENEFIT ADMINISTRATORS § | BENEFIT ADMINISTRATORS, INC'S | |
| INC., TRUST MANAGEMENT § | MOTION TO DISMISS AND | |
| SERVICES, ACEC MW, and § | MOTION TO STRIKE PORTIONS OF | |
| TRANSAMERICA LIFE § | PLAINTIFFS' FIRST AMENDED | |
| INSURANCE COMPANY § | COMPLAINT | |

*Defendants.*

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT FCE BENEFIT ADMINISTRATORS, INC'S MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to LR 7.1, BH SERVICES, INC. ("BH Services") respectfully submits this brief in Opposition to Defendant FCE Benefit Administrators Inc.'s ("FCE") Motion to Dismiss and Motion to Strike Portions of Plaintiffs' First Amended Complaint ("FCE's Motion").

### I.   SUMMARY OF OPPOSITION

Defendant FCE's Motion to Dismiss concerns only two of BH Services's causes of action, its fraud claim and its unjust enrichment claim. BH Services' fraud claim is adequately pled and not subject to dismissal because (1) it expressly excludes any claims that might be subject to ERISA; and (2) adequately pleads the particularly of its fraudulent omission claims. Additionally, BH Services' unjust enrichment claim is

adequately pled and not subject to dismissal because (1) it excludes any claims that might be subject to ERISA; and (2) both California and South Dakota recognize a cause of action for unjust enrichment.

Defendant FCE also asks this Court to strike allegations from Plaintiffs' First Amended Complaint on the basis that they are allegedly irrelevant and scandalous. Defendant FCE correctly notes that such a request is "disfavored." The allegations at issue similar conduct alleged in a lawsuit styled *Thomas E. Perez v. Chimes District of Columbia*, Civil Action No. RDB-12-3315, pending in the United States District Court for the District of Maryland ("*Chimes* Lawsuit"). These allegations against Defendant FCE in the *Chimes* Lawsuit are directly relevant to the claims made by BH Services in this lawsuit and provide important background and context to BH Services' claims. Moreover, these claims clearly are not scandalous as courts have interpreted such Rule 12(f).

## II. RELEVANT BACKGROUND

### A. Nature of the Complaint.

BH Services is a non-profit corporation based in Rapid City, South Dakota, which provides rehabilitation and employment opportunities for people with disabilities. BH Services provides employment to more than 200 people with disabilities in the Rapid City, South Dakota, and Omaha, Nebraska. *See* Declaration of Brad Saathoff in Support of Plaintiffs' Opposition to Motion to Transfer Venue (Dkt. #31) at ¶ 2.

On October 28, 2016, BH Services filed its First Amended Complaint against various defendants alleging federal (ERISA) and state law claims for breach of contract,

fraud, conversion of Plan assets and breach of fiduciary duty by FCE, TMS, ACEC, and Transamerica in connection with the wrongful design and administration of the Plan, the prohibited handling of trust assets and dissipation of trust assets for the Plan, excessive and undisclosed fees and charges, and other breaches, including misrepresenting the nature of the Plan to prevent BH Services from discovering what happened to its PLAN assets. This lawsuit contains claims for an affirmative injunction against dissipation of Plan assets and for an accounting of Plan assets under ERISA § 502(a)(3). *See* First Amended Complaint (Dkt. #28), at ¶ 1.01.

The First Amended Complaint alleges that FCE was entirely empowered to deal with the assets of the Plan and exercised control over the assets of the Plan. To assist it in securing control over these assets, FCE retained purported "independent" trustees to serve as the trustees of the Plan, however, FCE controlled these trustees. The First Amended Complaint alleges FCE, rather than these trustees, directed all transactions involving Plan assets. *Id*. at ¶ 1.02.

The First Amended Complaint shows how BH Services discovered that its participants had cash accounts in at least two master group variable universal life insurance policies issued by Transamerica Life Insurance Company ("Transamerica"). These policies were not owned by the trustee TMS for the benefit of the Plan, as they should have been under the Plan. Rather the policies (and their cash values) were owned by FCE and a company called ACEC. ACEC was another multiple employer welfare benefit plan or "MEWA" controlled by FCE or its agents. The First Amended Complaint shows how ACEC and FCE could freely access the built up cash accounts that had

accumulated in these insurance policies and could dissipate these Plan assets without knowledge of BH Services. *Id*. at ¶ 1.03-1.04.

The First Amended Complaint shows how when BH SERVICES changed administrators and trustee of the PLAN and directed FCE and TMS to transfer Plan assets to a new plan trust account that would be administered by an organization called Fringe Benefits Group, these entities refused to transfer the Plan assets, including the assets that were held in FCE and ACEC's name, and fully controlled by these entities. *Id*. at ¶ 1.05-1.06.

The First Amended Complaint also states that BH Services received an adverse independent auditor's report with respect to the Planfrom Ketel Thorstenson, LLP. The adverse opinion was issued due to FCE's and TMS' refusal to provide sufficient support and documentation concerning Plan asset transactions, the amount of the cash values in the variable universal life insurance policies held for BH Services' employee/participants, and the refusal to account for the source of funds or benefits paid from the health reimbursement account in the PLAN. *Id*. at ¶ 1.07.

B. **Fraud Allegations**

The First Amended Complaint also alleges that FCE made fraudulent misrepresentations and fraudulently omitted revealing material information all in an effort to induce BH Services, in its capacity as Plan Sponsor, to contract with BH Services for (i) the provision of plan documents, compliance services and to use them as the plan administrator; (ii) to use Marilyn Ward as a trustee, to pay Ward significant fees that would be rebated back to FCE (iii) to use TMS as trustee (an FCE related entity) and

to pay TMS significant fees and to cover up the theft or loss of plan assets and (iv) to allow the Plan to hire FCE's agent Ineich & Company to act as "independent auditor" of the Plan. *Id*. at ¶11.02. The First Amended Complaint details the fraudulent <u>omissions</u> of material fact that FCE declined to inform BH Services about, including that it would exercise authority and control over the Plan assets.

C.  **Unjust Enrichment Allegations**

The First Amended Complaint also alleges that FCE has been unjustly enriched by its failure to disclose the fraud detailed. *Id*. at ¶12.02.

D.  **Allegations Related to Exercising Control over Plan Assets, Overcharging Fees and the Chimes Litigation.**

As noted above, the First Amended Complaint is replete with allegations that FCE improperly exercised control and authority over Plan Assets. In fact, the First Amended Complaint asserts that FCE is improperly listed as the owner of insurance policies that were meant to insurance BH Services' employees. *See e.g. id*. at ¶¶1.02-1.04, 5.08, 9.02, 9.03.

The First Amended Complaint also alleges in numerous places that FCE has overcharged BH Services and the Plan for its fees. *See e.g. id*. at ¶¶1.01, 1.03, 1.07, 5.03, 5.07, 12.02.

The First Amended Complaint notes that FCE has been accused of this conduct in at least one other matter where it agreed to act as a plan administrator, where it discusses the Chimes Lawsuit:

> This lawsuit is styled *Thomas E. Perez v. Chimes District of Columbia*, Civil Action No. RDB-12-3315, pending in the United States District Court for the

District of Maryland. Like here, the United States Secretary of Labor has alleged that FCE Defendants (FCE and its owners Beckman and Porter) took control over the plan's assets and therefore was a "plan fiduciary" under ERISA. Like here, the lawsuit also alleges that FCE overcharged the plan at issue, fraudulently concealed compensation it received, failed to prudently manage the plan and its assets, and failed to properly administer the plan causing plan losses and improper profits to FCE, including but not limited to excessive fees.

*Id.* at ¶ 5.13.

### III. ARGUMENTS AND AUTHORITIES

**A.  The First Amended Complaint Sufficiently States A Claim for Relief.**

A complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The United States Supreme Court has held that a complaint should not be dismissed for failure to state a claim unless it appeared that beyond doubt that the plaintiff could not state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572-63 (2007).

A court must assume that all nonconclusory factual allegation referenced in a complaint are true, and then determine whether these plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In doing so, the court must indulge all reasonable inference in favor of the plaintiff. *Twombly*, 550 U.S. at 555-56.

**B.  BH Services's Claims for Fraud and Unjust Enrichment Solely Relate to Inducement to Contract, and Therefore Do Not Implicate ERISA and Are Not Pre-Empted by ERISA.**

BH Services's fraud and unjust enrichment[1] claims do not relate to the administration of benefits. Rather, they concern fraud to induce Plaintiff to enter into contracts. In fact, Plaintiff's First Amended Complaint states "BH SERVICES' fraud

---

[1] Plaintiffs no longer allege a breach of contract claim by virtue of its First Amended Complaint.

claims do not concern or relate to the administration of benefits under ERISA and are therefore outside the statute.  The First Amended Complaint states "These claims are solely limited to fraud in the inducement to contract with various parties."  *See* First Amended Complaint at ¶ 11.01.[2]

Not every claim is preempted under ERISA.  Only a state law "cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy" addresses an area of exclusive federal concern and is subject to complete preemption.  *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004), Section 502(a), however, "does not purport to reach every question relating to plans governed by ERISA."  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 25 (1983).

Federal precedent is clear that state law claims that do not relate to the administration of an ERISA plan, such as inducement claims, are not preempted.   At least the following courts have held that ERISA does not preempt claims involving conduct occurring *prior* to the formation of the ERISA plan in question:   *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 989 (10th Cir. 1999) (state law claim against former insurer for unfair trade practices and fraud resulting from pre-plan conduct are not preempted by ERISA); *Wilson v. Zoellner*, 114 F.3d 713, 721 (8th Cir. 1997) ("we hold that ERISA does not preempt [plaintiff's] suit against [an insurance agent] for the Missouri state common-law tort of negligent misrepresentation"); *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1467 (4th Cir. 1996) (plaintiff's

---

[2] Plaintiffs unjust enrichment does not contain the same language, but Plaintiff represents that it is expressly limited to fraud in the inducement to contract, and does not concern the administration of benefits.   Plaintiff made the same representation in its Response to Defendant FCE's first Motion to Dismiss.

malpractice claim against insurance professional not preempted because it does not "relate to" an employee benefit plan within the meaning of ERISA's preemption provision); *Patel v. Sea Nine Associates, Inc*., 2015 WL 4617020, *4 (N.D. Tex. Aug. 3, 2015) ("Plaintiffs' claims are based on various misrepresentations and omissions that Defendants allegedly made to induce Plaintiffs into investing in the Plan" and do not implicate "the administration, interpretation, or recovery of benefits of the Plan or relate to a violation of the Plan's terms"); *Genesis Specialty Tile & Accessories, LLC v. Amerus Life Ins. Co.*, 2012 WL 1197613 (E.D. Cal. April 10, 2012) (stating that "[t]he problem for defendants is that all the causes of action in plaintiffs' complaint are based upon pre-plan fraud"); *Westfall v. Bevan*, 2009 WL 111577, *5 (N.D. Tex. Jan. 15, 2009) ("[Plaintiffs'] claims do not depend on, or even implicate, the Plan's terms or its status as an ERISA plan. The claims would exist with respect to any type of an investment—not just an ERISA plan—because they rest on independent statutory and common-law duties that proscribe misrepresentation in various forms"); *Hobson v. Robinson*, 75 Fed. Appx. 949 (5th Cir. 2003) (same); *ANB Bankcorp v. Equitable Life Assur. Soc'y of the United States*, 86 F. Supp. 2d 1113, 1114-1115 (N.D. Okla. 2000) ("Under defendant's theory, once a fraudulently-induced plan is put into operation, by definition the fraud is subsumed into the "administration" of the plan and the broad sweep of ERISA preemption. The Court is not persuaded that such a reading comports with Congressional intent or the *Woodworkers* case, which is of course binding on this Court")

There are *many* cases reaching this same conclusion. For this reason, Defendant FCE is not entitled to dismissal of Plaintiff's fraud claims and unjust enrichment claims

on the theory that such claims are pre-empted by ERISA because it is clear that such claims do not relate to any administration of the plan at issue.

C.      **Plaintiff Has Sufficiently Pled Its Fraud Claim in Accordance with Rule 9(b).**

The standard for finding the balance between Rule 9(b)'s requirement that "in all averments of fraud . . . the circumstances constituting fraud . . . should be stated with particularity," and Rule 8(a)'s basic requirement of "a short and plain statement of the claim" was set out in 5 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1298 (1990) at 617 - 648:

> Rule 9(b) . . . does not render the general principles set forth in Rule 8 entirely inapplicable to pleadings alleging fraud; rather, the two rules must be read in conjunction with each other. . . . Thus it is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading fraud. This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the rules. . . . **Perhaps the most basic consideration in making a judgment as to the sufficiency of a pleading is the determination of how much detail is necessary to give adequate notice to an adverse party and enable him to prepare a responsive pleading**. (emphasis added).

Court have further clarified that the sufficiency of a pleading under Rule 9(b) depends on the circumstances of the specific case before the court, taking into account factors such as the nature of the case and the relationship of the parties. *See Payne v. United States*, 247 F.2d 481, 486 (8th Cir. 1957). The Eighth Circuit has made clear that a plaintiff need not plead every alleged misrepresentation but must provide some representative examples in order to enable defendant to respond. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006); *see also Moua v. Jani-King of Minnesota, Inc.,* 613 F. Supp. 2d 1103, 1110 (D. Minn. 2009).

Importantly, where a complaint alleges **omission** rather than misrepresentation, Rule 9(b) standards are more lenient. *See Lewey v. Vi-Jon, Inc.*, No. 4:11CV1341 JAR, 2012 U.S. Dist. LEXIS 71237, 2012 WL 1859031, at *3 (E.D. Mo. May 22, 2012). Here, Plaintiffs have alleged <u>**fraud by omission**</u>. Because of these allegations, there is no "who, what, where, when and how" to plead of the fraudulent omissions. The only item to plead is "what" was not told so as to provide Defendant adequate notice.

Plaintiffs have undoubtedly done this in paragraph 11.02:

> 11.02 FCE made fraudulent misrepresentations and **fraudulently omitted** revealing material information all in an effort to induce BH SERVICES, in its capacity as PLAN Sponsor, to contract with BH SERVICES for (i) the provision of plan documents, compliance services and to use them as the plan administrator; (ii) to use Marilyn Ward as a trustee, to pay Ward significant fees that would be rebated back to FCE (iii) to use TMS as trustee (an FCE related entity) and to pay TMS significant fees and to cover up the theft or loss of plan assets and (iv) to allow the PLAN to hire FCE's agent Ineich & Company to act as "independent auditor" of the PLAN. **These fraudulent representations and omissions include, but are not limited to, representations and omissions described in paragraphs 5.02 through 5.14. Prior to adopting the plan, FCE never informed BH SERVICES and the PLAN that it would own the insurance policies or other assets that comprised PLAN assets. FCE never informed BH SERVICES and the PLAN that it would seek to retain PLAN assets for its own benefit. FCE never informed BH SERVICES and the PLAN that its use of trustees would be a ruse to cover up the fact that FCE would exercise ownership and control over PLAN assets. Moreover, FCE never informed BH SERVICES that it would utilize accountants and/or auditors that were subject to its control, and never informed BH SERVICES that Ineich & Company was its own auditors/accountants. FCE never informed BH SERVICES and the PLAN that it would use accountants and auditors that would shield the expenses and assets of the PLAN from BH SERVICES and the PLAN.** FCE and its owners at all times represented that it would act in the best interests of BH SERVICES and the PLAN and that it would run the PLAN in a responsible, economically viable manner. **Additionally, FCE never informed BH SERVICES and the PLAN that Ward would rebate her fees back to FCE and its owners.** FCE had a duty to tell BH SERVICES and the PLAN the truth about such misrepresentations and omissions. Had the truth

been told about these matters, BH Services would have never agreed to hire FCE, Ward, TMS or Ineich & Company.

Because Plaintiffs have satisfactorily pled their fraudulent misrepresentation and fraudulent omission claim with particularity, this Court should deny Defendant FCE's Motion to Dismiss such claims. To the extent that this Court believes Defendant FCE's arguments are well-founded, Plaintiff should be entitled to and requests leave to amend its complaint. Or alternatively, Plaintiff should be entitled to re-plead its fraud claim after conducting discovery.

**D.     Unjust Enrichment is a Recognized Cause of Action Under Both South Dakota and California Law.**

Regardless of what state's law applies, Plaintiff is entitled to allege unjust enrichment. Plaintiff believes South Dakota law applies, and that a choice of law analysis is premature and outside the scope of a Rule 12(b)(6) motion. However, under either California or South Dakota law, a claim for unjust enrichment is allowed.

South Dakota recognizes a cause of action for unjust enrichment. *See Action Mech., Inc. v. Deadwood Historic Pres. Comm'n*, 652 N.W.2d 742, 748 (S.D. 2002).

California also recognizes a cause of action for unjust enrichment. Defendant cites a 2004 case (discussed below) for the proposition that California may not recognize such a cause of action. However, later federal court decisions applying California law have have recognized unjust enrichment as a valid cause of action. *See e.g. Doe v. Walmart Stores, Inc.*, 572 F.3d 677, 684 (9th Cir. 2009).

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT FCE BENEFIT ADMINISTRATORS, INC'S MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT          Page 11

Moreover, the very case that Defendant cites for the proposition that California does not recognize an unjust enrichment cause of action notes notes that this theory is akin to restitution, and states "[t]here are several potential bases for a cause of action seeking restitution. For example, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *See* M*cBride v. Boughton*, 123 Cal. App. 4th 379, 387-88 (Cal. App. 1st Dist. 2004). The opinion goes on to list several other basis for the cause of action. *Id*. at 388. It is clear that this relief is available to Plaintiffs and the basis for dismissal is not warranted.

E. **This Court Should Deny Defendant's Motion to Strike Because the Allegations Pertaining to Defendant's Securing Control over Plan Assets and Overcharging Of Fees are Highly Relevant And Are Not Scandalous.**

Defendant FCE seeks to strike allegations related to the *Chimes* Lawsuit because they are allegedly "immaterial" and "scandalous." However, the Eighth Circuit has made clear that Rule 12(f) motions to strike are viewed with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings. *See BJC Health Sys. v. Columbia Cas. Co*., 478 F.3d 908, 917 (8th Cir. 2007). The Eighth Circuit has even made clear that allegations that provide "context and background" of the Plaintiffs' allegations should not be stricken. *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *Holt v. Quality Egg, L.L.C.*, 777 F.Supp.2d 1160, 1169 (N.D. Iowa 2011).

These allegations that Defendant FCE seeks to strike are directly relevant to the issues in this case. As noted above, the First Amended Complaint asserts that FCE is improperly listed as the owner of insurance policies that were meant to insurance BH Services' employees. *See* First Amended Complaint (Dkt. #28) at ¶¶1.02-1.04, 5.08, 9.02, 9.03. It also alleges in numerous places that FCE has overcharged BH Services and the Plan for its fees. *See e.g. id*. at ¶¶1.01, 1.03, 1.07, 5.03, 5.07, 12.02. Allegations that go to these two issues are ostensibly relevant, such as the allegations at issue here:

> This lawsuit is styled *Thomas E. Perez v. Chimes District of Columbia*, Civil Action No. RDB-12-3315, pending in the United States District Court for the District of Maryland. Like here, the United States Secretary of Labor has alleged that FCE Defendants (FCE and its owners Beckman and Porter) took control over the plan's assets and therefore was a "plan fiduciary" under ERISA. Like here, the lawsuit also alleges that FCE overcharged the plan at issue, fraudulently concealed compensation it received, failed to prudently manage the plan and its assets, and failed to properly administer the plan causing plan losses and improper profits to FCE, including but not limited to excessive fees.

*Id.* at ¶ 5.13.

Additionally, such allegations cannot properly be considered "scandalous." "The word 'scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Pigford v. Veneman*, 215 F.R.D. 2, 5 (D.D.C. 2003) (quoting 2 Moore's Federal Practice § 12.37 (3d Ed. 2002)); *Crow v. Wolpoff & Abramson*, 2007 U.S. Dist. LEXIS 31356, 2007 WL 1247393, 2007 U.S. Dist. LEXIS 31356, 2007 WL 1247393 (D. Minn. Apr. 19, 2007).

Simply put, there is nothing "scandalous" about securing control over the assets of an ERISA plan or overcharging fees. Nothing in the language at issue reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. There is no reason to part from the general rule that Rule 12(f) motions should be disfavored.

## V. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs request that this Court deny FCE's Motion to Dismiss and Motion to Strike Portions of Plaintiffs' First Amended Complaint, award Plaintiffs their court costs, expenses, and attorney's fees, and such other and further relief which Plaintiffs may be entitled.

Dated this 5th day of December, 2016.

Respectfully submitted,

BANGS, McCULLEN, BUTLER, FOYE & SIMMONS, L.L.P.

By: */s/ Jeffrey G. Hurd*
Jeffrey G. Hurd
(jhurd@bangsmccullen.com)
333 West Boulevard, Suite 400
P.O. Box 2670
Rapid City, SD 57709
Telephone: 605-343-1040
Facsimile: 605-343-1503

    AND

    Anthony L. Vitullo
    Fee, Smith, Sharp & Vitullo, LLP
    Three Galleria Tower
    13155 Noel Road, Suite 1000
    Dallas, TX 75240
    (972) 934-9100 Telephone
    (972) 934-9200 Facsimile
    lvitullo@feesmith.com

    John L. Malesovas
    Malesovas Law Firm
    1801 S. Mopac Expressway, Suite 320
    Austin, TX 78746
    (512) 708-1777 Telephone
    (512) 708-1779 Facsmile
    john@malesovas.com

    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2016, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Western Division of South Dakota, using the electronic case filing system of the Court. The electronic filing system sent a "Notice of Electronic Filing" to attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Any other attorneys of record have been served by U.S. first class mail, postage prepaid, in accordance with the Federal Rules of Civil Procedure.

Heather C. Sazma
Jeana L. Goosman
Goosmann Law Firm, PLC
5010 South Minnesota Avenue
Sioux Falls, SD 57108
*605-275-2039 Facsimile*
sazamah@goosmannlaw.com
goosmannj@goosmannlaw.com
***Attorneys for Defendant, FCE Benefit Administrators, Inc.***


Marc Andrew Koonin (*Pro Hac Vice*)
Robert Douglas Eassa (*Pro Hac Vice*)
Sedgwick LLP
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
*415-781-2635 Facsimile*
marc.koonin@sedgwicklaw.com
christine.williams@sedgwicklaw.com
***Attorneys for Defendant, FCE Benefit Administrators, Inc.***