UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BH SERVICES INC., For Itself as Sponsor and Fiduciary and for the BH SERVICES, INC., HEALTH AND WELFARE PLAN,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>FCE BENEFIT ADMINISTRATORS INC., TRUST MANAGEMENT SERVICES, ACEC MW, and<br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>　　　　　　　　Defendants. | 5:16-CV-05045-KES<br><br><br>ORDER DENYING MOTION TO TRANSFER VENUE |

Defendant FCE Benefit Administrators Inc., moves to transfer this action under 28 U.S.C. § 1404(a) to the Northern District of California based on the forum selection clause in a Third Party Administrator (TPA) Agreement between plaintiff, BH Services, Inc., and FCE. Docket 23; Docket 25-1 at 5. BH Services opposes the motion to transfer and argues that venue is proper in the District of South Dakota. Docket 30 at 1-2. For the reasons that follow, the court denies the motion to transfer venue.

## BACKGROUND

BH Services is a not-for-profit corporation based in Rapid City, South Dakota, providing employment to over 200 people in Nebraska and South

Dakota. Docket 31 ¶ 2. BH Services is the sponsor, administrator, and named fiduciary of the BH Services, Inc. Health and Welfare Plan (the Plan). Docket 28 ¶¶ 2.01, 2.02. FCE is a third party administrator that provides administration support services to ERISA health and welfare plans. Docket 25 ¶ 2.

From 1995 to 2015, BH Services retained FCE to provide a plan document, compliance services, and third-party administrative services for the Plan. Docket 28 ¶ 5.01. In March 2004, BH Services and FCE entered into two agreements relating to FCE's management of the Plan. Docket 25 ¶¶ 3, 4. The first, the Adoption Agreement, incorporated the Plan by reference and added several exhibits to the Plan. *Id.* ¶ 4. The second agreement, the TPA Agreement, was one of the included attachments and describes the services FCE would provide related to administering and managing the Plan. *Id.* ¶¶ 4, 5.

Article VIII(f) of the TPA Agreement provides:

> Governing Law and Venue: This Agreement will be governed by the internal laws of the State of California except to the extent preempted by ERISA, COBRA or other applicable federal law, and the venue for resolving any dispute under this Agreement will be San Mateo County, California.

Docket 25-1 at 5.

In October of 2013, BH Services appointed defendant Trust Management Services (TMS) to serve as trustee of the Plan's assets. Docket 31 ¶ 8; *see also* Docket 28 ¶ 5.01. This appointment was made at FCE's recommendation. Docket 31 ¶ 3. To effectuate this appointment, BH Services and TMS executed a Trust Assignment Agreement, under which TMS agreed to assume "the rights, claims and obligations of Trustee and agrees to perform the services and

2

function of the Trustee under the Trust Agreement as expressly provided therein." Docket 25-3. Section 7.4 of the Trust Agreement contained a forum selection clause similar to the one entered into between BH Services and FCE: "This Trust Agreement will be construed, administered and enforced according to ERISA and the law of the State of California . . . . Venue for any dispute under this Agreement will be San Mateo County, California." Docket 25-2 at 4.[1]

On June 10, 2016, BH Services filed a complaint in this court naming FCE and TMS as defendants. Docket 1 ¶¶ 2.03, 2.04. FCE responded to the complaint on October 11, 2016, by filing both a motion to dismiss for failure to state a claim (Docket 20) and a motion to transfer venue (Docket 23). On October 28, 2016, BH Services amended its complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). *See* Docket 28. The first amended complaint added two additional defendants, ACEC MW and Transamerica Life Insurance Company. *Id.* ¶¶ 2.05, 2.06.

BH Services alleges in the first amended complaint that in 2015, it decided to transfer plan document compliance, administration, and servicing of the Plan to Fringe Benefits Group. *Id.* ¶ 5.01. BH Services also alleges that it notified FCE and TMS of its intent to terminate their services on October 28, 2015. *Id.* BH Services further alleges that despite its multiple attempts to have FCE and TMS transfer the Plan's assets to Fringe Benefits Group, FCE and

---

[1] BH Services does not contest the existence of either forum selection clause but, as explained below, does argue that the forum selection clauses should not be enforced.

3

TMS have failed to transfer the Plan's assets totaling more than $735,000. *Id.* ¶ 5.02.

The first amended complaint also recites several allegations regarding the relationship of the parties to this dispute. For example, BH Services alleges that, despite its belief that FCE and TMS would operate the Plan to provide plan members with group term life insurance, *see id.* ¶¶ 1.03, 5.09, FCE and ACEC actually contracted with Transamerica to provide plan members with life insurance plans that were part of two master group variable universal life insurance policies. *Id.* ¶¶ 1.03, 5.09. Instead of these universal life insurance policies being owned by TMS, as trustee of the Plan, BH Services alleges that the Transamerica policies and their cash values were owned by both FCE and ACEC. *Id.* ¶ 1.03. BH Services also alleges that because FCE and ACEC had control of the Plan's assets and the cash value held in the Transamerica policies, FCE and ACEC could build up cash accounts that accumulated in the Transamerica policies. *Id.* ¶ 1.04. BH Services further alleges that FCE and ACEC, along with TMS as trustee of the Plan's assets, were able to hide the cash surrender value of the policies from BH Services and access that cash surplus without BH Services' knowledge. *Id.* BH Services also alleges that FCE and TMS are preventing BH Services from discovering additional information about the Plan's assets, which has frustrated BH Services' attempts to get an accounting. *Id.* ¶ 5.14.

In total, the first amended complaint alleges seven causes of action against FCE, TMS, ACEC, and Transamerica. Count one seeks an injunction

4

against FCE, TMS, and ACEC under 29 U.S.C. § 1132(a)(3). Count two requests an accounting of the Plan's assets under 29 U.S.C. § 1132(a)(3) against FCE and TMS. Count three seeks the recovery of wrongfully dissipated Plan assets against FCE, TMS, and ACEC under 29 U.S.C. § 1132(a)(3)(B)(i). Count four seeks damages against FCE, TMS, and ACEC for the breach of fiduciary duty and breach of fiduciary duty by co-fiduciaries under 29 U.S.C. §§ 1105, 1109, and 1132(a)(2). Count five seeks an award of attorney's fees and costs under 29 U.S.C. § 1132(g) against FCE, TMS, and ACEC for BH Services' ERISA claims. Count six seeks damages, including punitive damages, against FCE and Transamerica for common law fraud under state law. Count seven seeks damages for unjust enrichment against FCE, TMS, ACEC, and Transamerica.

FCE responded to the first amended complaint on November 14, 2016, by filing a partial motion to dismiss and motion to strike portions of the first amended complaint (Docket 33) and an answer to the first amended complaint (Docket 37). FCE did not refile its motion to transfer venue, *see* Docket 23, and instead, also on November 14, 2016, filed its reply brief in support of the motion to transfer venue.[2] Docket 36.

BH Services filed TMS's waiver of service on March 13, 2017. Docket 83. Under this waiver, TMS had until May 12, 2017, to respond to the first amended complaint. TMS failed to file an answer or responsive motion to the first amended complaint. Thus, BH Services moved for a clerk's entry of default against TMS, Docket 85, which was entered on May 19, 2017. Docket 86. Since

---

[2] BH Services filed its response in opposition to the motion to transfer venue (Docket 30) four days after it filed the first amended complaint.

the clerk's entry of default was entered, TMS has moved to vacate the clerk's entry of default. Docket 88. This motion is still pending.

Transamerica responded to the first amended complaint on January 20, 2017, by filing a motion to dismiss for failure to state a claim. Docket 52. ACEC responded to the first amended complaint on February 2, 2017, by filing a partial motion to dismiss.[3] Docket 64. Neither Transamerica nor ACEC have moved to join FCE's motion to transfer venue to the Northern District of California.

## LEGAL STANDARD

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." For parties to be able to use § 1404(a) to seek a transfer, venue in the transferor court must be proper. *Van Dusen v. Barrack,* 376 U.S. 612, 634 (1964) (stating that § 1404(a) "operates on the premises that the plaintiff has properly exercised his venue privilege."). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Miss. Chem. Corp.,* 119 F.3d 688, 695 (8th Cir. 1997). The Eighth Circuit has "declined to offer an 'exhaustive list of specific factors to consider' in

---

[3] The court will address FCE's partial motion to dismiss and motion to strike (Docket 33), Transamerica's motion to dismiss (Docket 52), and ACEC's partial motion to dismiss (Docket 64) in a separate order.

making the transfer decision[.]" *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Terra Int'l*, 119 F.3d at 691). Instead, district courts considering a motion to transfer under § 1404(a), "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013); *see also id.* n.6 (describing the private-interest and public-interest factors that courts can consider in deciding a motion under § 1404(a) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981))).

Parties seeking to transfer an action to enforce a forum selection clause must do so using either § 1404(a) or the doctrine of *forum non conveniens*. *Id.* at 579-80. Both § 1404(a) and the doctrine of *forum non conveniens* require courts to employ an identical analysis, with the exception that a motion to transfer under § 1404(a) does not require dismissal of the suit. *Id.* at 580 ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." (citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007))). Where a forum selection clause is valid and calls for transfer to a federal forum, the normal § 1404(a) analysis is altered in three ways: (1) the plaintiff's choice of forum receives no weight; (2) the court considers only arguments regarding the public-interest factors and does not consider arguments relating to the parties'

7

private interests; and (3) if a transfer is warranted, the transferee court will not be required to apply the transferor court's choice-of-law rules. *Id.* at 581-82.

## DISCUSSION

### I. Forum Selection Clause

#### A. Choice of Law

Initially, the court must determine whether federal law or state law applies to determine the enforceability of FCE's forum selection clause. This court's subject matter jurisdiction is based on the federal questions raised in counts one through five of the first amended complaint, which alleges violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461 (2012). *See* 28 U.S.C. § 1331; Docket 28 at 14-18. The court has supplemental jurisdiction over the two state-law causes of action. *See* 28 U.S.C. § 1367(a).

The Eighth Circuit has not addressed the issue of whether federal or state law applies when determining the enforceability of forum selection clauses in federal question cases that include claims invoking supplemental jurisdiction. In the context of cases based on diversity jurisdiction, the Eighth Circuit has stated: "Because 'the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue,' . . . there is some disagreement among the circuits over whether state or federal law applies, . . . and we have yet to adopt a definitive position on the issue." *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (internal citations omitted) (quoting *Sun World Lines, Ltd. v. March*

8

*Shipping Corp.*, 801 F.2d 1066, 1068-69 (8th Cir. 1986)); *but see Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 538 (8th Cir. 2009) (stating that "enforcement, or not, of the contractual forum selection clause was a federal court procedural matter governed by federal law.").[4] Courts need not resolve this question if both parties agree that federal law applies. *See Servewell*, 439 F.3d at 789. Additionally, courts have avoided choosing between state substantive and federal procedural law if state law and federal law both apply the same standard. *M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) ("Although there may be some disagreement among the circuits regarding whether this is a procedural question governed by federal law or a substantive question governed by state law . . . the parties here do not argue the state and federal standards differ."); *see also* 14D Charles Alan

---

[4] The precedential value of this language in *Fru-Con* is called into question in Judge Shepherd's dissent, which Judge Bye joined in part. Judge Shepherd wrote: "Moreover, contrary to Judge Beam's contention, . . . [the cases cited by Judge Beam] make clear that we have not yet decided whether enforcement of a contract's forum selection clause is governed by state substantive or federal procedural law . . . ." *Fru-Con*, 574 F.3d at 543 n.12 (Shepherd, J., dissenting). *Compare Heartland Family Servs. v. Netsmart Techs., Inc.*, 961 F. Supp. 2d 964, 967 (D. Neb. 2013) (applying *Fru-Con* to determine that enforcement of a forum selection clause is a procedural matter governed by federal law in the Eighth Circuit), *and Wong v. PartyGaming Ltd.*, 589 F.3d 821, 827 (6th Cir. 2009) (collecting cases and stating that the Eighth Circuit in *Fru-Con* held that enforceability of a forum selection clause is procedural and governed by federal law), *with C.H. Robinson Worldwide, Inc. v. Rodriguez*, No. 12-264(DSD/SER), 2012 WL 4856245, at *4 (D. Minn. Oct. 12, 2012) (following the language in *Servewell* that the Eighth Circuit has not taken a definitive position, despite the contrary language in *Fru-Con*), *and* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 3803.1 (4th ed.) (observing that while "the Eighth Circuit appears not to have taken a position on the matter, the clear majority [of Circuits] . . . conclude that enforceability of a forum selection clause is governed by federal law." (footnote omitted)).

Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 3803.1 (4th ed.) ("Most states, however, appear to have adopted the federal approach, so often courts are able to elide the basic issue because the result would be the same under federal and state law.").

Here, the parties do not necessarily differ over whether the court should use federal law to analyze the enforceability of the forum selection clause. FCE argues that the court should apply the standard found in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), to determine the enforceability of the forum selection clause. *See* Docket 24 at 6-7 (quoting federal law and reiterating the test laid out in *Bremen*). BH Services also cites to federal law but does so in order to make two arguments. *See* Docket 30 at 4-12. The first argument raised by BH Services is that the forum selection clause should not be enforced here because the clause does not designate a federal forum to adjudicate an exclusive federal issue. *See id.* at 5-6. The second argument is a policy argument that focuses on a question unanswered by the United States Supreme Court and the Eighth Circuit: Whether forum selection clauses contravene ERISA's strong public policy and are thus unenforceable in ERISA cases. Because the parties cite only to federal law in their discussions regarding the applicability of the forum selection clause here, the court will apply federal law to determine if the clause is enforceable.

Even if state law did apply, the result would not be different. The South Dakota Supreme Court has employed the *Bremen* standard to determine the enforceability of forum selection clauses. *See O'Neill Farms, Inc. v. Reinert*, 780

N.W.2d 55, 58 (S.D. 2010). Similarly, the California Supreme Court has cited to *Bremen* as the standard for determining whether a forum selection clause, which does not violate the state's public policy, is valid. *Smith, Valentino & Smith, Inc. v. Superior Court*, 551 P.2d 1206, 1209 (Cal. 1976) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)) (adopting *Bremen* which reflected "the modern trend which favors the enforceability of such forum selection clauses."); *see also Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1028 (9th Cir. 2016) ("*Smith, Valentino* . . . concluded 'that forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable.'" (quoting *Smith, Valentino*, 551 P.2d at 1209)). Thus, even if the Eighth Circuit were to hold that the *Bremen* standard is not automatically applicable in federal question cases involving supplemental jurisdiction over state-law claims, in this case both parties cite to federal law to discuss the enforceability of the forum selection clause and courts in both South Dakota and California would apply *Bremen* to determine the validity of the forum selection clause.

### B. Enforceability

"'Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching.'" *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 973 (8th Cir. 2012) (quoting *M.B. Rests.*, 183 F.3d at 752). "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by

11

statute or by judicial decision." *Bremen*, 407 U.S. at 15. If a forum selection clause is valid and enforceable, the party seeking to litigate in a forum other than that negotiated in the clause "bears an especially 'heavy burden of proof' to avoid its bargain." *Servewell*, 439 F.3d at 789 (quoting *Bremen*, 407 U.S. at 17); *see also Atl. Marine*, 134 S. Ct. at 581 ("[B]ecause the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.' " (first alteration added) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring))). Inconvenience to a party is insufficient to invalidate a forum selection clause, but a party may avoid enforcement of that clause if it would, for all practical purposes, deprive a litigant of its day in court. *Union Elec.*, 689 F.3d at 974.

As the Supreme Court observed in *Atlantic Marine*, the question as to whether venue is proper in a particular district is generally governed by 28 U.S.C. § 1391. *Atl. Marine*, 134 S. Ct. at 577. Only after a court determines whether venue is proper, can the court determine if a forum selection clause is enforceable and whether transfer under § 1404(a) is appropriate. *See id.* at 579 (stating that because forum selection clauses "may be enforced through a motion to transfer under § 1404(a). . . . [the statute] permits transfer to any district where venue is also proper . . . or to any district which the parties have agreed by contract or stipulation."). In ERISA cases, the question of venue is governed by ERISA's own venue statute, 29 U.S.C. § 1132(e)(2). Under this statute, an ERISA action "may be brought in the district where the plan is

12

administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Here the parties agree that venue in South Dakota is proper under this statute. *See* Docket 24 at 2 (FCE acknowledging that venue is proper in South Dakota absent the presence of a valid forum selection clause); Docket 28 ¶ 3.01 (BH Services stating that venue is proper under § 1132(e)(2) because the breaches occurred in South Dakota). Thus, if the forum selection clause is invalid or transfer is not appropriate, South Dakota is a proper venue for this action.

Given that venue is otherwise proper in South Dakota, the analysis now must focus on whether the forum selection clause here is enforceable under federal law. BH Services does not argue that the forum selection clause found in the TPA Agreement is the result of fraud or overreaching. *See Union Elec.*, 689 F.3d at 973. Instead, as observed above, BH Services presents two main arguments as to why the court should not enforce the clause. First, BH Services argues that the clause is unreasonable and unenforceable because by its terms, it requires an exclusively federal issue to be tried in a state court. Docket 30 at 5-7. Second, BH Services argues that the clause violates the public policy embedded into ERISA by Congress. *See id.* at 7-10. Because the court finds the forum selection clause here is unenforceable by its terms, the court will not address BH Services' second argument.

The operative language of the forum selection clause states that the "venue for resolving any dispute under [the TPA] Agreement will be San Mateo

County, California." Docket 25-1 at 5. Here, it is impossible for plaintiffs to comply with the forum selection clause in the TPA Agreement. The clause requires suit to be brought in San Mateo County, California. But the ERISA claims alleged in the complaint and the first amended complaint vest exclusive jurisdiction in "the district courts of the United States . . . ." 29 U.S.C. § 1132(e)(1) (setting exclusive federal court jurisdiction for most ERISA causes of action). And there is no federal courthouse located in San Mateo County, California. Additionally, the forum selection clause in the TPA Agreement is mandatory because it requires that "venue will be San Mateo County, California." Docket 25-1 at 5; *see Dunne v. Libbra*, 330 F.3d 1062, 1064 (8th Cir. 2003) (discussing mandatory and permissive forum selection clauses and observing that mandatory clauses use words that "suggest exclusivity"). Thus, it is impossible for BH Services to comply with the forum selection clause in the TPA Agreement because the forum selection clause mandates that venue will be San Mateo County, California, but the ERISA claims alleged in the first amended complaint are subject to exclusive federal jurisdiction and there is no federal courthouse located in San Mateo County, California. As a result, the court concludes that the clause is unenforceable under *Bremen*.[5] *Cf. U.S. ex rel. B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1118 (10th Cir. 1995) (concluding that a forum selection clause that "attempt[ed] to

---

[5] The court would reach the same conclusion—that the forum selection clause is unenforceable under *Bremen*—if the court were asked to interpret the enforceability of the forum selection clause found in the Trust Agreement between BH Services and TMS. *See* Docket 25-2 at 4 (requiring that venue "for any dispute under this Agreement will be San Mateo County, California").

14

divest the federal courts of their exclusive jurisdiction to hear [a] case is void and unenforceable.").

In support of its argument that the contract language requires the court to transfer this action to the Northern District of California, FCE cites *Graham Construction Services, Inc. v. Hammer & Steel, Inc.*, No. 4:11-cv-020, 2011 WL 3236083 (D.N.D. July 27, 2011). FCE argues that *Graham*, and the cases cited by *Graham*, stand for the proposition that "in situations such as this, where a claim must be heard in a U.S. District Court, a forum selection clause providing for exclusive jurisdiction in a county supports a transfer to the U.S. District Court in which the county sits." Docket 24 at 6 (citing *Graham*, 2011 WL 3236083, at *5).

In *Graham*, the court evaluated a forum selection clause stating "that any legal proceedings brought to determine the validity, construction, breach, interpretation or enforcement of the Rental Agreement shall be instituted and maintained in St. Louis County, Missouri." *Graham*, 2011 WL 3236083, at *2-3. In determining whether this forum selection clause allowed for a transfer to a federal court in Missouri, the court compiled a number of cases analyzing similar clauses. *Id.* at *5 (collecting cases). After analyzing those cases, and engaging in a *Bremen* analysis, the court concluded that:

> While the forum selection clause is mandatory in that St. Louis County, Missouri is the correct forum, the provision does not exclusively mandate federal or state court jurisdiction. The United States District Court for the Eastern District of Missouri is located in St. Louis County, Missouri. The Court finds that the forum selection clause permits litigation in federal court and, in the

15

interests of justice, the action should be transferred to the United States District Court for the Eastern District of Missouri.

*Id.*

BH Services argues that *Graham*, and the cases cited by *Graham*, are inapposite here because each of those cases involved a situation where the county at issue in the forum selection clause contained both a state courthouse and a federal courthouse. Docket 30 at 6. Due to the difference between *Graham*, the cases cited in *Graham*, and this case, BH Services argues that the court should decline to adopt FCE's reading of *Graham* and conclude that BH Services filed suit in a proper venue. *Id.* at 6-7. FCE counters this argument by stating that if the court were not to adopt the rationale in *Graham*, the result—not transferring this case pursuant to the forum selection clause—"would result in a loss of an important contractual right negotiated by the parties." Docket 38 at 6.

After analyzing the cases cited in *Graham*, the court agrees with BH Services that the cases cited in *Graham* are inapplicable here because the counties in those cases housed both state and federal courthouses. *See Graham*, 2011 WL 3236083, at *5; *see also, e.g.*, *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 398-400 (5th Cir. 2008) (forum selection clause requiring litigation "shall occur in Harrison County, Mississippi" permitted suit "in either federal or state court, because a federal courthouse is located in that county"); *Glob. Satellite Commc'n Co. v. Starmill U.K., Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (forum selection clause

16

specifying "Venue shall be in Broward County" permitted filing in either state or federal court in that county). Unlike the forum selection clauses in *Graham*, *Alliance Health*, or *Global Satellite*, the forum selection clause here requires suit in "San Mateo County, California." Docket 25-1 at 5. And while the Northern District of California encompasses San Mateo County, California, the authorized places of holding court for the Northern District of California are Eureka, Oakland, San Francisco, and San Jose, California, none of which are in San Mateo County. *See* 28 U.S.C. § 84(a).

FCE contends that failure to enforce the forum selection clause would result in the loss of a contractual right. Docket 38 at 6. But the parties did not contractually agree to venue of this type of dispute anywhere other than San Mateo County, California. *See* Docket 25-1 at 5. Thus, because the forum selection clause was impossible to comply with, BH Services did not err in filing suit in a venue authorized under ERISA's own venue statute—South Dakota. *See* 29 U.S.C. § 1132(e)(2).

## II. Is Transfer Appropriate Here?

Although the court has determined that the forum selection clause is unenforceable, and therefore does not require the court to transfer this matter, the court still may order a transfer to another judicial district where venue is proper. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). And because the forum selection clause is unenforceable, the court's review of a potential

transfer under § 1404(a) "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine,* 134 S. Ct. at 581; *see also id.* n.6 (describing the private-interest and public-interest factors that courts can consider in deciding a motion under § 1404(a) (citing *Piper,* 454 U.S. at 241 n.6)). After making those considerations, the court then must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interests of justice.'" *Atl. Marine,* 134 S. Ct. at 581 (quoting 28 U.S.C. § 1404(a)); *see also Terra Int'l,* 119 F.3d at 696 (describing factors for district courts to consider under § 1404(a) relating to the interests of justice and to the convenience of the parties and witnesses).

Having weighed the various factors prescribed by the Supreme Court and the Eighth Circuit, the court finds that transfer to the Northern District of California is not warranted here. Of the factors described by the Supreme Court and the Eighth Circuit, one of the most important factors in determining whether a court should transfer venue is the plaintiff's choice of forum. *See Terra Int'l,* 119 F.3d at 695 ("In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."). Further, a weighing of the other factors shows that those factors are, at a minimum, neutral or weigh slightly in favor of BH Services. This is because no party has shown that it would be any more or less difficult for this court to adjudicate the federal questions presented, key witnesses reside both

in South Dakota and in California, and keeping this case together in South Dakota—where the court has jurisdiction over all defendants—supports the interests of justice and has the largest potential for making a potential trial of this case "easy, expeditious, and inexpensive." *Piper*, 454 U.S. at 241 n.6 (citation omitted); *see also Atl. Marine*, 134 S. Ct. at 581 n.6; *Terra Int'l*, 119 F.3d at 696. Thus, no combination of factors here outweighs BH Services' interest in having South Dakota as the forum for this dispute.

## CONCLUSION

The federal issues asserted in the first amended complaint can only be heard by a federal court. 29 U.S.C. § 1132(e)(1). But the forum selection clause in the TPA Agreement between BH Services and FCE—like the forum selection clause in the Trust Agreement between TMS and BH Services—requires that "venue for resolving any dispute under this Agreement will be San Mateo County, California." Docket 25-1 at 5; *see also* Docket 25-2 at 4. Thus, because the forum selection clause in the TPA Agreement would require an exclusively federal action to proceed in San Mateo County, California, where no federal courthouse is located, the court concludes that the forum selection clause is unenforceable under *Bremen*. As a result, BH Services did not err by filing this action in South Dakota where venue is proper under 29 U.S.C. § 1132(e)(2). Because none of the factors prescribed by the Supreme Court or the Eighth Circuit warrant transfer to the Northern District of California, the court declines to order a transfer under 28 U.S.C. § 1404(a). Thus, it is

ORDERED that FCE's motion to transfer venue to the Northern District of California (Docket 23) is denied.

DATED August 23, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE