UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BH SERVICES INC., FOR ITSELF AS SPONSOR AND FIDUCIARY AND FOR THE BH SERVICES, INC., HEALTH AND WELFARE PLAN,<br><br>Plaintiff,<br><br>vs.<br><br>FCE BENEFIT ADMINISTRATORS INC., TRUST MANAGEMENT SERVICES, AMERICAN COUNCIL OF ENGINEERING COMPANIES OF METROPOLITAN WASHINGTON, TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>Defendants. | 5:16-CV-05045-KES<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

On September 27, 2017, this court issued a memorandum opinion and order granting various motions to dismiss and denying a motion to strike. Docket 104. Specifically, the court dismissed the two state-law causes of action alleged against defendants, including Transamerica, because they were expressly preempted by the Employee Retirement Income Security Act of 1974 (ERISA). *Id.* Plaintiffs, BH Services, Inc. and the BH Services, Inc. Health and Welfare Plan (the Plan) (collectively, BH Services), filed a second amended complaint, in which BH Services alleged, among other allegations, four causes of action under ERISA against defendant Transmerica. Docket 120.

Transamerica moves to dismiss all causes of action against it. Docket 129. BH Services opposes the motion to dismiss. Docket 137. For the reasons that follow, the court grants Transamerica's motion to dismiss count one but denies Transamerica's motion to dismiss counts three, four, and five.

**BACKGROUND**

For a more complete factual background regarding all defendants, the court refers to its previous memorandum opinion and order. *See* Docket 104. The current motion to dismiss only applies to defendant Transamerica, so the court will briefly provide a background of BH Services' allegations against Transamerica, construing facts pleaded in the second amended complaint as true.

BH Services, a not-for-profit corporation based in Rapid City, South Dakota, is the sponsor, administrator, and named fiduciary of the Plan. Docket 120 ¶ 9. The Plan is an employee welfare benefit plan as defined by ERISA. *Id.* ¶ 10. BH Services hired defendant FCE as a third-party administrator for the Plan, and in this capacity FCE, as a plan fiduciary, exercised discretionary control or discretionary authority over Plan assets and services related to the Plan. *Id.* ¶ 11.

FCE and its owners, Gary Beckman and Stephen Porter, told BH Services that contributions made to the Plan would be for the benefit of the Plan and its participants. *Id.* ¶ 23. BH Services believed it sponsored group term life insurance benefits but instead learned that the Plan participants had cash accounts in at least two group variable universal life insurance policies issued

by Transamerica. *Id.* Beckman and Porter, the FCE owners, were also agents of Transamerica. *Id.*

In 2016, BH Services requested information from Transamerica about the cash accounts for BH Services' Plan participants. *Id.* ¶ 24. Transamerica, in response, provided a spreadsheet showing that BH Services' participant accounts were comingled with 50 other employer accounts in the group variable universal life insurance policies. *Id.* The cash surrender value and assets of these insurance policies were controlled by Transamerica, and thus, Transamerica could access the built-up cash that accumulated in these insurance policies. *Id.* ¶ 25. And because the defendants hid the existence of these group permanent life insurance policies from BH Services, BH Services did not know about their access to the cash surplus. *Id.* BH Services also learned that the accounts for former BH Services employees were "warehoused" in accounts of FCE, but never returned to the Plan. *Id.* ¶ 29.

Transamerica is an Iowa insurance company. *Id.* ¶ 14. BH Services alleges that Transamerica and the other defendants exercised discretionary control over the cash surplus by either charging excessive fees to the Plan or by taking the cash surplus. *Id.* ¶ 26. Additionally, Transamerica exercised control over the Plan assets by refusing to inform BH Services' Plan participants about the insurance policies and through its agents, Beckman and Porter, receiving commissions on the sale of the life insurance policies. *Id.* It is BH Services' position that these commissions are a prohibited form of self-dealing by Transamerica's agents. *Id.*

3

BH Services alleges that through its exercise of discretionary authority or control over Plan assets, Transamerica is a Plan fiduciary under ERISA, Transamerica's actions breached its fiduciary duties, and such breaches caused damages to BH Services and the Plan. *Id.* ¶ 48. In addition to its claim for breach of fiduciary duty, BH Services brings three other causes of action against Transamerica: a request for an injunction, recovery of plan assets wrongfully dissipated, and attorney's fees and costs. *See generally* Docket 120. Transamerica moves to dismiss all four causes of action. Docket 129.

## LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Inferences are construed in favor of the nonmoving party. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). And "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the plaintiff must provide "more than labels and conclusions[.]" *Twombly*, 550 U.S. at 555. In ruling on a motion to dismiss, courts can also "consider 'those materials that are necessarily embraced by the pleadings.'" *Hughes v. City of*

*Cedar Rapids*, 840 F.3d 987, 998 (8th Cir. 2016) (quoting *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014)). "Those materials include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" *Id.* (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820 (8th Cir. 2003)).

**DISCUSSION**

**I.  Breach of Fiduciary Duty and Breach of Co-Fiduciary Duty**

To state a claim for breach of an ERISA fiduciary duty, the plaintiff must show that the defendant acted as a fiduciary, breached its fiduciary duty, and thereby caused a loss to the Plan. *See Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000). Under ERISA, a person is a fiduciary to the extent that:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

A person may be named in the plan document as an ERISA fiduciary, identified as a fiduciary, or deemed a fiduciary based on his or her "functional authority and control relative to the plan." *In re Excel Energy, Inc. Sec., Derivative & "ERISA" Litig.*, 312 F. Supp. 2d 1165, 1175 (D. Minn. 2004). "The term fiduciary is to be broadly construed and a person's title does not

5

necessarily determine if one is a fiduciary." *Consol. Beef Indus., Inc. v. New York Life Ins. Co.*, 949 F.2d 960, 964 (8th Cir. 1991).

Transamerica argues that BH Services' claim for breach of fiduciary duty against Transamerica must be dismissed for three reasons. First, Transamerica states that there is no authority to support BH Services' assertion that this court's previous order (Docket 104), finding that ERISA preempted the state law claims means "ipso facto" that Transamerica is subject to ERISA claims as a fiduciary. Docket 130 at 8. Second, Transamerica contends that the allegations in BH Services' second amended complaint are conclusory and do not establish that Transamerica acted as an ERISA fiduciary. *Id.* at 10. Finally, Transamerica argues that BH Services' allegations concern non-discretionary conduct by Transamerica, which is insufficient to meet the test for fiduciary status. *Id.* at 11.

The court does not need to decide whether BH Services' assertion—that the court's previous order dismissing the state law claims against Transamerica means "ipso facto" that Transamerica is a fiduciary—is true because such an assertion is irrelevant to the motion to dismiss. Rather, the court assesses BH Services' second amended complaint, taking the facts as true and resolving all inferences in favor of BH Services, to determine if BH Services has pleaded a plausible claim that Transamerica has acted as a fiduciary. This requires an analysis related to Transamerica's second and third arguments.

The second amended complaint alleges that Transamerica acted with discretionary authority. Under 29 U.S.C. § 1002(21)(A)(i), fiduciary status is imposed on those who in fact exercise discretionary authority even if the authority was not granted. *See Olson v. E.F. Hutton & Co.*, 957 F.2d 622, 625 (8th Cir. 1992) ("There is a clear difference between the language contained in subsections one and three. Subsection one imposes fiduciary status on those who exercise discretionary authority, regardless of whether such authority was ever granted. Subsection three describes those individuals who have actually been granted discretionary authority, regardless of whether such authority is ever exercised.").

BH Services claims that its Plan assets were improperly held in two Transamerica group variable universal life insurance policies and such Plan assets were comingled with 50 other employer accounts. Transamerica's agents, Beckman and Porter—also the owners of codefendant FCE—received commissions on the sale of these life insurance policies. Moreover, these Transamerica policies are alleged to have generated a cash surrender value, over which Transamerica had control and BH Services had no knowledge. Thus, BH Services' theory is that Transamerica, through its control over insurance policies funded in part by BH Services' Plan assets, has accessed the built-up cash surplus. And, BH Services alleges, Transamerica has exercised discretionary control over this cash surplus by charging excessive fees to the Plan or keeping the cash for itself. Finally, Transamerica has refused to provide BH Services' Plan participants with information about the insurance policies.

7

The court construes BH Services' claim of fiduciary status liberally. *See Brant v. Principal Life & Disability Ins. Co.*, 6 F. App'x 533, 535 (8th Cir. 2001) ("Construing the claim liberally and in light of ERISA," and holding that the district court erred in dismissing claimant's ERISA claim). As such, BH Services has pleaded more than mere legal conclusions. The facts in the second amended complaint support an inference that Transamerica accessed Plan assets, managed and controlled those Plan assets, and possibly improperly used those Plan assets. This is enough to meet the definition of an ERISA fiduciary. *See* 29 U.S.C. § 1002(21)(A) (defining fiduciary as one who "exercises any authority or control respecting management or disposition of [a plan's] assets"); *Olson*, 957 F.2d at 626 ("A person who usurps authority over a plan's assets and makes decisions about the use or disposition of those assets should know they are acting as a fiduciary."). And whether these factual allegations against Transamerica "establish that Transamerica acted as a 'fiduciary' within the meaning of" ERISA's definition is premature because "a determination of fiduciary status based on function is a 'mixed question of law and fact.' " *In re Xcel Energy, Inc.*, 312 F. Supp. 2d at 1181 (quoting *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F. Supp. 2d 658, 665 (E.D. Tex. 2004)).

Finally, Transamerica's argument that BH Services' second amended complaint only alleges "non-discretionary" acts by Transamerica also fails. As Transamerica notes, "[d]iscretion is the benchmark for fiduciary status under ERISA" based on ERISA's definition of fiduciary. *Johnston v. Paul Revere Life Ins. Co.*, 241 F.3d 623, 632 (8th Cir. 2001) (internal quotations omitted). The

Eighth Circuit has held that an insurance company is not an ERISA fiduciary just because the company handled claims under an employer's group policy. *See Kerns v. Benefit Trust Life Ins. Co.*, 992 F.2d 214, 216 (8th Cir. 1993). And "[p]ersons who provide professional services to plan administrators 'are not ERISA fiduciaries unless they transcend the normal role and exercise discretionary authority.' " *Id.* at 217-18 (quoting *Martin v. Feilen*, 965 F.2d 660, 669 (8th Cir. 1992)).

Here, BH Services has alleged facts that plausibly support a claim that Transamerica, despite its position as an insurance company, transcended its normal role and exercised some discretionary authority over the Plan assets. While Transamerica is correct that "purely ministerial functions" are insufficient to confer fiduciary status, BH Services has alleged more. *See* 29 C.F.R. § 2509.75-8 (2018) (listing some of the "purely ministerial functions" that do not create fiduciary status under ERISA, such as calculating benefits, processing claims, preparing reports, collecting contributions). BH Services has specifically alleged that Transamerica accessed and possibly used the cash surplus in the Plan's accounts, and Transamerica's agents, also the owners of FCE, benefited financially from their management of Plan assets in Transamerica accounts.

The cases Transamerica relies on are distinguishable. In *Maniace v. Commerce Bank of Kansas City, N.A.*, 40 F.3d 264, 267 (8th Cir. 1994), the Eighth Circuit agreed with the lower court that Commerce was not a fiduciary. But the Trust document at issue granted specific powers to Commerce and

9

expressly limited Commerce's discretion. *Id.* The facts here are different not only because Transamerica was not named or expressly limited in BH Services' Trust document, but also because *Maniace* was decided at the summary judgment stage. Whether BH Services' factual allegations amount to only ministerial functions or non-discretionary control is a question of fact that cannot be resolved at this stage in the proceedings. *See also Consol. Beef Indus., Inc.*, 949 F.2d at 965 (finding at the summary judgment stage that New York Life Insurance Company's agent was selling his financial products rather than giving investment advice, and thus he was not a fiduciary); *Flacche v. Sun Life Assur. Co. of Can.*, 958 F.2d 730, 734-35 (6th Cir. 1992) (concluding at the summary judgment stage that Sun Life only performed ministerial functions because "mere payment of claims is insufficient to give Sun Life discretionary control over the management of plan assets . . . .").

## II. Request for Injunction

Transamerica next seeks dismissal of count one, which requests equitable relief under 29 U.S.C. § 1132(a)(3). Section 1132(a)(3) allows plan participants to bring a civil action "to obtain other appropriate equitable relief" to redress "any act or practice which violates" ERISA. *Id.* The second amended complaint seeks an injunction prohibiting Transamerica, along with the other defendants, from "taking any action that will dissipate Plan assets until an accounting of the Plan assets" is presented to and approved by the court. Docket 120 ¶ 36.

10

"To state a claim for equitable relief, plaintiffs must plead the defendants 'had actual or constructive knowledge of the circumstances that rendered the transaction unlawful.' " *Wildman v. Am. Century Servs., LLC*, 237 F. Supp. 3d 902, 917 (W.D. Mo. 2017) (quoting *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000)). "Injunctions are generally allowed under ERISA to redress ERISA violations or to enforce the terms of [an ERISA plan]." *Twin City Pipe Trades Serv. Ass'n v. Frank O'Laughlin Plumbing & Heating Co.*, 2016 WL 1117408, at *2 (D. Minn. Mar. 22, 2016) (citing 29 U.S.C. § 1132(a)(3)). But an injunction is a form of relief, not a cause of action. *Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008). And courts have applied this guideline to claims for injunctive relief under ERISA. *See Kearney v. Blue Cross & Blue Shield of N.C.*, 233 F. Supp. 3d 496, 508 (M.D.N.C. 2017); *Glazing Health & Welfare Fund v. Accuracy Glass & Mirror Co.*, 2014 WL 2803238, at *2 (D. Nev. June 19, 2014).

Here, BH Services' request for an injunction under count one refers to defendants' alleged violation of their fiduciary duties, and BH Services has pleaded that defendants had actual or constructive knowledge of fiduciary breaches. In its prayer for relief, BH Services presents the same request for an injunction prohibiting defendants from dissipating Plan assets until an accounting is presented to and approved by this court. Because a request for an injunction is not a separate cause of action, the court grants Transamerica's motion to dismiss BH Services' cause of action for injunctive relief. BH Services

is permitted, however, to seek its request for injunctive relief as a remedy in connection with its other claims in the second amended complaint.

### III. Recovery of Plan Assets Wrongfully Dissipated

In the third cause of action, BH Services requests an order for the defendants, including Transamerica, to restore dissipated Plan assets if an accounting shows the Plan assets have been improperly dissipated. Docket 120 ¶¶ 42-43. BH Services cites to 29 U.S.C. § 1132(a)(3)(B)(i) in support of this claim, which provides that a person may bring a civil action "to obtain other appropriate equitable relief to redress" an ERISA violation. Thus, such a claim seeks equitable, not legal relief.

Transamerica argues that this claim must be dismissed because BH Services has not stated a claim that Transamerica violated any provisions of ERISA or an ERISA plan and BH Services is seeking legal, not equitable relief. Docket 130 at 20-21. Construing the complaint as a whole, BH Services has stated a plausible claim that Transamerica violated ERISA, specifically a violation of fiduciary duties.

As to Transamerica's second argument regarding equitable versus legal relief, the Supreme Court has discussed the distinction that Congress placed in ERISA's statutory scheme. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 257 (1993) (finding that 29 U.S.C. § 1132(a)(3)'s "appropriate equitable relief" does not permit money damages against a nonfiduciary who knowingly participates in the breach of a fiduciary duty). In *Mertens*, the Supreme Court noted that "[m]oney damages are, of course, the classic form of *legal* relief." *Id.* at 255

12

(emphasis in original) (citations omitted). And in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), the Supreme Court further discussed what "equitable relief" is available under ERISA. Specifically, the Court concluded that 29 U.S.C. § 1132(a)(3) does not authorize "the imposition of personal liability on respondents for a contractual obligation to pay money" because such relief is legal, not equitable relief. *Id.* at 221.

Despite petitioners' attempt to construe their requested relief—namely, an injunction to compel respondents to reimburse the ERISA plan as required by their plan document—as equitable relief, the Court found such relief was not typically available in equity. *Id.* at 210-11. And when petitioners argued their requested relief was a form a restitution, the Court noted that "not all relief falling under the rubric of restitution is available in equity." *Id.* at 212. One form of restitution available in equity, the Court explained, was "in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* at 213. But if the particular property could not be traced, the plaintiff could not seek the defendant's other property, for that would impose personal liability on the defendant. *Id.* at 213-14. The Court noted one exception, however, is an accounting for profits derived from a defendant's use of the plaintiff's property. *Id.* at 715 n.2.

Transamerica argues that BH Services' claim for relief does not seek to restore particular funds or property in Transamerica's possession, as stated in

13

*Great-West Life & Annuity*, but rather seeks a general request to restore Plan assets. Docket 130 at 21-22. Because the motion to dismiss stage is premature to determine this issue, Transamerica's argument fails. As BH Services notes in response, establishing whether BH Services' particular property is traceable to Transamerica, or any defendant, is impossible until an accounting is completed. *See* Docket 137 at 16-17. While discovery will provide a definitive answer, at this stage BH Services has pleaded sufficient facts to support a plausible equitable claim for recovery of plan assets wrongfully dissipated.

## IV.  Attorney's Fees and Costs

Lastly, BH Services seeks attorney's fees and costs associated with the ERISA claims under ERISA § 502(g) (29 U.S.C. § 1132(g)). Docket 120 ¶ 52. Transamerica argues that because BH Services' claims against Transamerica are defective and should be dismissed, BH Services' claim for attorney's fees and costs should also be dismissed. Under 29 U.S.C. § 1132(g), a court has discretion to "allow a reasonable attorney's fee and costs of action to either party." Because the court denies Transamerica's motion to dismiss other causes of action in the second amended complaint, BH Services may still pursue an award of attorney's fees and costs if it is successful on the merits of its claims.

## CONCLUSION

On count four, BH Services has pleaded sufficient facts to support a plausible claim that Transamerica acted as a fiduciary and breached its fiduciary duties to survive a motion to dismiss. And while BH Services may

14

pursue a request for an injunction as equitable relief, such equitable relief is not permitted as a separate cause of action, so count one is dismissed. As to count three, the court is cognizant of the fine distinction between requests for equitable versus legal relief under ERISA, but BH Services is entitled to conduct discovery on that cause of action to determine if it indeed seeks a recovery of plan assets wrongfully dissipated under equity. Finally, because BH Services may pursue its claims, Transamerica's motion to dismiss BH Services' request for attorney's fees and costs is also denied. Thus, it is

ORDERED that Transamerica's motion to dismiss (Docket 129) is granted in part and denied in part.

DATED this 28th day of June, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE